THE STATE OF TEXAS EX REL. V. PERCY LARKIN ET AL.

Decided December 23, 1905.

**1.—Amendatory Act—Title—Article 3, Section 35, of the Constitution Construed.**

Article 397 of the Revised Statutes of 1895 was amended by an Act entitled "An Act to amend article 397, chapter 2, title 18, of the Revised Civil Statutes of the State of Texas, relating to cities and towns and the election of its officers." The amendment relates to the same subject matter as the original article, and provides, in addition, that such towns and cities as contain over 200 and less than 5,000 inhabitants, and which have been incorporated under special Act of the Legislature, and whose offices have been vacated for ten years shall not again elect officers. Held, that the amendment is within the subject matter of the original article and germane thereto. If the title of an Act fairly gives reasonable notice of the subject matter of the statute it meets the requirements of the Constitution.

**2.—Same—Repealing Clause.**

The repeal of a statute on a given subject is properly connected with the subject matter of a new statute on the same subject, and the repealing clause is valid, although the title is silent on that subject.

**3.—Procedure for Municipal Incorporation.**

Articles 385, 580, 581, 585, 586, Revised Statutes, considered, and held, while it is necessary for the county judge to make the order for an election to incorporate a city or town, it is not necessary that such order be entered of record in any particular book. In this case such order was in fact made when the petition for the election was presented, but was not spread upon the minutes of the Commissioners' Court at that time; subsequently, and after the election, the order was entered nunc pro tunc on the minutes of the Commissioners' Court on motion of the county judge. Held, sufficient.

**4.—Same—Recitals in Order—Conclusive.**

The order for an election recited the prerequisites prescribed by the statute. Held, that the finding of the county judge in these respects is conclusive.

**5.—Excessive Territory.**

The statute does not make it the duty of the county judge to determine whether the proposed limits of the city or town to be incorporated embraces territory that ought not to be included. This is the duty of the promoters of the corporation.

**6.—Amendatory Act—Title—Sufficiency.**

In 1901 an Act was passed entitled "An Act to amend article 386c, chapter 1, title 18, of the Revised Civil Statutes of Texas of 1895, relating to cities and towns." Article 386c was amended in 1897, the amendment taking the place of the original article. This amendment of 1897 had become article 386c when the amendment of 1901 was passed, and the reference by that Act to "Article 386c" had reference to the article as amended in 1897 and was sufficient.

**7.—Legislature—Called Session—Subjects of Legislation.**

The courts will not go into an investigation to determine whether as a matter of fact the Legislature in enacting a law failed to observe some rule of procedure prescribed by the Constitution.

**8.—Defective Incorporation—Curative Act.**

While the Legislature could not under the Constitution by special Act create a municipal corporation, it has the power by special Act to pass a curative Act validating the defective incorporation of a city already in existence.

#### 9.—Validating Act.

The Act of the Legislature of 1901, first called session, p. 32, validated any supposed defects in the procedure to incorporate a city or town resulting from irregularities in the petition for election, ordering or holding the same, declaring the result thereof, and as to the territory included in the corporate limits.

Appeal from the District Court of Henderson County. Tried below before Hon. B. H. Gardner.

*Joe A. McDonald,* district attorney, *M. E. Richardson, Miller & Royall* and *W. R. Bishop,* for appellant.—An amendatory Act of the Legislature of the State of Texas, which in its title only refers to the article of the chapter and title to be amended, can only amend such article as to the matter embraced in the article referred to, and is unconstitutional insofar as it embraces other matter not included in the article sought to be amended and not germane thereto. English and Scottish American Mfg. Co. v. Hardy, 55 S. W. Rep., 171; Adams v. San Angelo Waterworks Co., 25 S. W. Rep., 605; Constitution of the State of Texas, art. 3, sec. 35.

There can not be at the same time, within the same territory, two distinct corporations exercising like powers, jurisdiction or privileges. State v. Wofford, 39 S. W. Rep., 923; Hoya v. Duncan, 71 Texas, 65; Buford v. State, 72 Texas, 182; Harness v. State, 76 Texas, 566; Grant, Corporations, 18; Dillon, Municipal Corporations, 84.

When the petition was presented to the county judge of Henderson County, requesting him to order an election to determine whether the city of Athens should incorporate as a municipal corporation, embracing in territory a superficial area of four square miles, it was the duty of the county judge to hear proof of the number of inhabitants residing within said territory, and, if he found a sufficient number of inhabitants residing within said territory, to enter an order. Rev. Stats., art. 581; State v. Merchant, 85 S. W. Rep., 494.

The general law of the State of Texas prohibits the incorporation or a city or town including territory which is not intended to be used for strictly town or city purposes, and which is not suitable for such purposes, and the including of territory seventy-five percent of which is farm, pasture and woods lands, which territory is included for the purpose of taxation and no other purpose, is a violation of the general laws governing the incorporation of cities and towns. Rev. Stats., art. 580; Rev. Stats., art. 385; State v. Merchant, 85 S. W. Rep., 483; Judd v. State, 62 S. W. Rep., 545; Thompson v. State, 56 S. W. Rep., 603; Ewing v. State, 81 Texas, 175; State v. Edison, 76 Texas, 302.

The Act of the Twenty-seventh Legislature of the State of Texas, passed at the first called session, amending article 386c, chapter 1, title 18, of the Revised Statutes of Texas of 1895, insofar as it attempts to validate all incorporations which have included within their boundaries pastoral, agricultural, or other lands adjacent thereto, but which do not include more territory than is provided for in article 386a, Revised Statutes, is unconstitutional, neither the title to said Act nor the article to which it refers giving notice that such legislation would be enacted. English and Scottish American Mortgage Co v. Hardy, 55 S. W. Rep.,

171; Adams v. San Angelo Waterworks Co., 25 S. W. Rep., 605; Constitution of the State of Texas, art. 3, sec. 35.

The county judge had no authority to enter an order nunc pro tunc ordering the election to incorporate the city of Athens on his own motion, without notice, and after the election for incorporation had been held. Ludlow v. Johnson, 17 Am. Dec., 609; Boyd County v. Ross, 25 S. W. Rep., 8; McClain v. Davis, 18 L. R. A., 634.

The Special Act of the Twenty-seventh Legislature, passed at the first called session, 1901, attempting to validate and declare a body politic the incorporation of the city of Athens, is contrary to, and such legislation is prohibited by, the Constitution of the State of Texas, article 3, section 56, and is void. Const. of the State of Texas, art. 3, sec. 56; Enterprise v. State, 29 Fla., 141, 10 So. Rep., 744.

A local or special law passed by the Legislature, without the notice of the intention to apply therefor having been published, as required by the Constitution of the State of Texas, article 3, section 57, is unconstitutional, and the court is authorized to inquire into whether such notice was given, and if, upon inquiry, the court finds that no such notice was given, it is authorized to declare such legislation void. Smith v. Grayson Co., 44 S. W. Rep., p. 921; Thompson v. State, 56 S. W. Rep., p. 603.

Before ordering an election to determine whether a town shall incorporate, under the general laws providing for municipal corporations, it is necessary for the county judge to hear proof of the number of inhabitants residing within the limits proposed to be incorporated, and to determine and decree whether such territory includes the number of inhabitants necessary to incorporate. Rev. Stats., art. 581; Huff v. Pruitt, 53 S. W. Rep., 844.

*Watkins, Green & Richardson,* for appellees.—Article 397 of the Revised Statutes, is not unconstitutional, as amended in 1897, for the reason that the subject matter of the said amendment was directly pertinent and germane to the matter included in the original article. Rev. Stats., art. 397; Gammel's Laws, vol. 10, p. 1213; Oak Cliff v. State, 77 S. W. Rep., 24; Johnson v. Martin, 75 Texas, 33; Fahey v. State, 27 Texas Crim. App., 158; Dehon v. La Fourche Basin Levee Board, 34 So. Rep., 773; Cooley's Const. Lim., sec. 141, et seq.

The requirement that the title of the Act shall give notice of the subject matter embraced in the Act does not relate to Acts which repeal former laws. Borden v. Trespalacious Co., 82 S. W. Rep., 461; Cooley's Const. Lim., sec. 145; Fielder v. State, 49 S. W. Rep., 377; Sutherland's Stat. Const., sec. 101.

The title of an Act should express the subject, and not the object, of the Act, and the title to the Act complained of did express the subject matter within the contemplation of the Constitution. Fahey v. State, 27 Texas Crim. App., 158; Austin v. Gulf, C. & S. F. R. R., 45 Texas, 266; City of Oak Cliff v. State, 77 S. W. Rep., 24; Dillon's Mun. Corp., sec. 51.

Article 386a, Revised Statutes, gives the right to cities and towns having more than two thousand and less than five thousand inhabitants to incorporate a territory of four square miles. And this right is given

without regard to whether such territory is used for strictly city purposes; article 580, containing such limitations as to towns and villages, has no relevancy to cities of such size and number. Rev. Stats., art. 386a; Rev. Stats., title 18, chap. 1; General Laws 1875, p. 113; General Laws, 1st called session 1901, p. 32; McMickle v. Hardin, 61 S. W. Rep., 324; Brown v. Galveston, 75 S. W. Rep., 494; Cooley's Const. Lim., 390.

The court has the sole and exclusive control of the making an entry of its orders, and may properly enter an order nunc pro tunc which comes within his own knowledge and memory. Blum v. Neilson, 59 Texas, 379; Fort Worth & D. C. Ry. v. Roberts (Sup.), 81 S. W. Rep., 26; Slayden Co. v. Palmo, 13 Texas Ct. Rep., 164.

The Act of the Twenty-seventh Legislature, special laws, page 1, Second Called Session, is a general law, and not a special law, and is also constitutional. Cox v. State, 8 Texas Crim. App., 287; Cordova v. State, 6 Texas Crim. App., 220; City of Oak Cliff v. State, 77 S. W. Rep., 26; Central Wharf Co. v. Corpus Christi, 57 S. W. Rep., 983; Thompson v. State, 56 S. W. Rep., 603; Morris v. Gussett, 62 Texas, 730; Clark v. Finley, 54 S. W. Rep., 343; Reed v. Rogan, 59 S. W. Rep., 255; Davis v. State, 2 Texas Crim. App., 430; Johnson v. Martin, 75 Texas, 33; Kentucky Livestock Assn. v. Hager (Ken.), 85 S. W. Rep., 738; State v. Yancy (Mo.), 27 S. W. Rep., 380; Brown v. Galveston, 75 S. W. Rep., 494; Cooley's Const. Lim., sec. 390; Dillon's Mun. Corp., vol. 1, secs. 21, 27; United States v. Baltimore & O. Ry., 17 Wall., 322.

The Act of the Twenty-seventh Legislature validating the city of Athens, and declaring the same a body politic, is constitutional, and not in contravention of article 3, section 5, of the Constitution of this State, declaring that the Legislature shall not pass any local or special law incorporating cities, towns or villages. Nolan v. State, 83 Texas, 200; Reed v. Plattsmouth, 107 U. S., 568; Middleton v. City of San Augustine (Fla.), 29 So. Rep., 431; Oak Cliff v. State, 77 S. W. Rep., 27; Cooley's Const. Lim., sec. 371; Brown v. Galveston, 75 S. W. Rep., 494; Richman v. Muscatine Co. (Iowa), 4 L. R. A., 445.

The court will not invade the province of a coordinate branch of the government, and will not revise or inquire into the proceedings of either House of the Legislature, and declare its action void, on account of its failure to observe some rule of procedure prescribed in the Constitution, and will not declare an Act void because it is not shown that it was submitted to the Legislature by the Governor when passed at a special session. The courts will not inquire into whether or not a special law was passed with or without notice, as required by the Constitution of the State, since it is the duty of the Legislature to pass upon that subject. Williams v. Taylor, 83 Texas, 667; Moller v. Galveston, 57 S. W. Rep., 1120; Ball v. Presidio Co., 27 S. W. Rep., 702; City of Oak Cliff v. State, 77 S. W. Rep., 26.

The courts can not inquire into the Acts of the Legislature on account of a fraud of the inhabitants of the territory in procuring the passage of a bill, and if the Legislature itself was charged with a fraud the courts would not be authorized to inquire into that fact. Williams v. Taylor, 83 Texas, 667; Word v. Schow, 68 S. W. Rep., 192.

The finding of a county judge under, the provision of article 581

Revised Statutes, that the territory sought to be embraced within a contemplated municipal corporation has the population required by statute, is conclusive, since the law provides no means whereby his findings may be revised.   State v. Goodwin, 69 Texas, 58; Foster v. Hare, 62 S. W. Rep., 542.

Article 581 Revised Statutes does not require the court to decree that the territorial limits of a proposed incorporation has as many as two thousand inhabitants, but only requires that, "if satisfactory proof is made that the town or village contains the requisite number of inhabitants," then the county judge may order an election.   Rev. Stats., art. 581.

The finding of the county judge as to the number of inhabitants within a contemplated municipal corporation is conclusive.   Foster v. Hare, 62 S. W. Rep., 542; State v. Goodwin, 69 Texas, 57; Ewing v. State, 81 Texas, 178.

BOOKHOUT, ASSOCIATE JUSTICE.—This is an information in the nature of a *quo warranto,* filed by Joe A. McDonald, district attorney of the Third Judicial District, on the relation of M. E. Richardson, E. P. Miller and J. W. Royall, against Percy Larkin, John W. Murchison, J. I. Richardson, G. W. Dowell, J. R. Gauntt, C. H. Hart, W. T. Eustace, Ranald McDonald, J. I. Wofford, I. J. Richardson and A. S. Ferrell, by permission of the judge of said district.

The information charges in substance:   That on the 1st day of September, A. D. 1856, the town of Athens was duly incorporated by the Legislature of the State of Texas by special Act, taking effect from and after said date.   And said special Act provided, among other things, for the several officers and council of said incorporation, their powers and duties, and the limits of said corporation was declared to be one-half mile each way, north, south, east and west, from the center of the public square of said town.

That on the 19th day of October, A. D. 1866, said town of Athens was duly incorporated by the Legislature of the State of Texas, by special Act of that date, which also provided, among other things, for the several officers and council of said corporation, and prescribed their powers and duties, and also that the limits of said corporation shall extend to the present limits of said town, or one mile square, and for the annual election of officers.

That on the 15th day of February, A. D. 1881, after due notice, an election was held for the purpose of incorporating the town of Athens, under an order of the county judge of Henderson County, and on the 26th day of February, A. D. 1881, said county judge declared the result of said election to be in favor of incorporating said town, within the following territory, to wit, one mile square, of which the courthouse in Athens shall be the center.

It is further charged that none of the several incorporations have ever been abolished, annulled or repealed, but are now valid and existing corporations.   That after each of the Acts of incorporation above recited elections were duly and legally held, and officers elected and qualified, and a regular government begun and operated under said Acts of incorporation, but that the offices of each of said corporations

have been vacant since January, 1884, and that the town of Athens ever since said date (January, 1884) has contained more than two hundred and less than five thousand inhabitants.

That the respondents, under color and form of law, and in pursuance of a certain pretended election, held May 10, 1901, for the purpose of determining whether certain territory, including the town of Athens, should be incorporated for municipal purposes, said territory being four square miles, are now purporting to act as mayor, alderman, city recorder, city attorney, city marshal, assessor and collector, and treasurer of said corporation, and are levying taxes upon the property and occupation of relators and others in said town of Athens.

That the election held May 10, 1901, was held without an order of the county judge ordering same; that the petition for said election failed to allege that there were as many as two thousand inhabitants residing within the limits of said pretended corporation; that the county judge entered no order ordering said election, and failed to hear any proof as to the number of inhabitants residing within said territory of four square miles, and failed to decree, prior to said election, that said territory had as many as two thousand inhabitants; that the territory of four square miles, embraced within said pretended corporation, consisted, and still consists, of pasture, woods and farm land, to the extent of seventy-five percent of the entire territory; that said farm, pasture and woodland was not intended, and was not suitable, for town or city purposes, and that said land was fraudulently embraced within the limits of said pretended corporation for the purpose of taxation, and for no other purpose. That said pretended incorporation is void. And that said mayor, alderman, and other officers are wrongfully and unlawfully usurping and intruding themselves into said offices, and are unlawfully holding and executing the same. Plaintiff prays that said pretended corporation be declared void.

For answer respondents filed a general denial, and specially answering allege, among other things, that the incorporation of the city of Athens, on May 10, 1901, was validated by a Special Act of the Twenty-seventh Legislature at its First Called Session in 1901, setting out said Act as an exhibit to their original answer. They also allege a certain *nunc pro tunc* order of the county judge, ordering said election, and entered July 8, 1901, setting out a copy of said order as an exhibit to their said answer.

Plaintiff, by first supplemental petition, demurred generally and specially to said answer.

Replying, plaintiff filed its first supplemental petition, entering a general denial to said answer, and specially pleading:

1st. That the amendment to article 386a, Revised Statutes of 1895, passed by the First Called Session of the Twenty-seventh Legislature, was passed without the attention of the Legislature having been called to such legislation by a message from the Governor, and is unconstitutional.

2d. That the Special Act pleaded by respondents, validating the incorporation of the city of Athens in 1901, was passed without notice, as required by the Constitution of the State of Texas, and is void, and that there was a conspiracy on the part of those people who favored such

legislation to suppress notice thereof, and to have same enacted without the knowledge of those who opposed it.

Respondents filed their first supplemental answer, demurring generally and specially to said supplemental petition.

The cause came on to be heard upon the demurrers and special exceptions of both plaintiff and respondents. The court sustained all the general demurrers and special exceptions of respondents, and overruled the general demurrer and all special exceptions of the plaintiff. Plaintiff refused to amend and said cause was dismissed. Thereupon plaintiff excepted and perfected an appeal.

Appellant groups its first and second assignments, and contends thereunder that an amendatory Act of the Legislature of the State of Texas, which in its title only refers to the article of the chapter and title to be amended, can only amend such article as to the matter embraced in the article referred to, and is unconstitutional insofar as it embraces other matter not included in the article sought to be amended and not germane thereto. This contention refers to article 397 of the Revised Statutes and the amendment thereto, passed in 1897. Article 397 of the Revised Civil Statutes of the State of Texas, before the amendment of 1897, read as follows: "Whenever a vacancy occurs, by resignation or otherwise, in the municipal offices of any incorporated town or city in this State, so that such vacancies can not be filled under the charter of said town or city, or under the laws of this State now in force, then, and in that event, it shall be the duty of the county judge in the county in which such city or town is situated, upon the petition of not less than ten of the principal taxpayers, citizens of said town or city, at once to order an election to fill such vacancies, giving notice of not less than ten days in the usual manner provided for such elections."

Article 397 of the Revised Civil Statutes, as amended in 1897, reads as follows: "Whenever a vacancy occurs, by resignation or otherwise, in the municipal offices of any incorporated town or city in this State, so that the vacancy can not be filled under the charter of said town or city, or under the laws of this State now in force, then, and in that event, it shall be the duty of the Commissioners' Court of said county in which said town or city is situated, upon a petition of not less than twenty taxpayers, voters living in said city, to order an election to be held to fill such vacancy, giving notice of not less than ten days in the usual manner provided for such elections; provided, where such town or city has been chartered by Special Act of Legislature, and such town or city contains more than two hundred and less than five thousand inhabitants, and the offices of such town or city have been vacant for a period of ten years or more, such charter of said town or city shall become void and forfeited, and no election of officers in such town or city shall be held; but the inhabitants of such town or city may reincorporate under the general laws of this State relating to towns and cities in the manner as now, or may hereafter be, prescribed by the laws of this State."

The law, as it originally stood, provided a means whereby an incorporated town or city, whose offices had become vacant, and which vacancy could not be filled under its charter or the laws of the State, might again elect officers. The amendment relates to the same subject

matter, and provides that such towns and cities as contain over two hundred and less than ·five thousand inhabitants, and which have been incorporated under Special Act of the Legislature, and whose offices have been vacated for ten years, shall not again elect officers. We think it clear that the amendment, insofar as it provides that, where such town or city is incorporated under Special Act, and its offices have been vacant for ten years or more, that no election of officers in such town or city shall be held, is clearly within the subject matter of the original Act, and is germane thereto. But the appellant contends that the amendment goes further, and stipulates that the charter of such town or city shall become void and forfeited, and that this provision is not embraced within the subject of the original Act, and that the amendment gives no notice in its title that there would be any attempt to abolish municipal corporations whose charters had been granted by Special Act and which had failed for a certain period of time to elect officers.

The title to the amended article reads: "An Act to amend article 397, chapter 2, title 18, of the Revised Civil Statutes of the State of Texas, relating to cities and towns and the election of its officers."

Article 3, section 35, of the Constitution of the State, provides, in substance, that no bill shall contain more than one subject, which shall be expressed in its title. In speaking of the particularity required in stating the purpose of a statute, Mr. Cooley says: "The general purpose of those provisions is accomplished when the law has but one general object, which is fairly indicated in its title." (Cooley's Const. Lim., p. 205, 17th ed.)

It is held in this State that, if the title of the Act fairly gives reasonable notice of the subject matter of the statute, it meets the requirements of the Constitution. (Stone v. Brown, 54 Texas, 330.) This court held, in the case of Smith v. Grayson County (18 Texas Civ. App., 153), that the Act of the Twenty-second Legislature, entitled, "An Act to be entitled an Act to create a more efficient road system for the counties of Grayson, Dallas, Galveston, Comanche, Mills, Fannin, Travis, Hunt, Hill, Kaufman and Fayette, in the State of Texas, authorizing the employment of a road commissioner, defining his duties, prescribing penalties for his failure to perform his duties, and further defining the powers and duties of the Commissioners' Court of said counties under said Act," was sufficient to embrace and give notice of a part of section 7 of the Act, providing that "the Commissioners' Court of the county may, in its discretion, work the county convicts of said county upon the public roads, but it shall not pay any costs that may be adjudged against said convicts." The contention was made in that case that the title of the Act gave no notice that the Commissioners' Court was to be prohibited from paying any costs adjudged against convicts where the convicts work out their fine on the public roads. The ruling of this court met the approval of the Supreme Court in the refusal by that court of a writ of error.

In the case of City of Oak Cliff v. The State (77 S. W. Rep., 24) this court had before it the constitutionality of an Act entitled, "An Act to amend section 2 of the charter of the city of Dallas, relative to the boundary lines of said city, and adding thereto section 2a, changing

said boundary and limits of the said city of Dallas, and thereby including within and attaching to said city of Dallas the corporation and city of Oak Cliff, and certain other adjacent territory, and abolishing the corporation of the city of Oak Cliff and declaring an emergency." It was held that a clause in the amendment making provision for the issuance by the city of Dallas, as soon as the amendment took effect, of $50,000 in bonds, the proceeds from which were to be expended entirely within the limits of the territory added, was not repugnant to the Constitution of the State, in that the title of the Act did not give notice of the subject matter of the amendment (77 S. W. Rep., 24). A writ of error was granted by the Supreme Court, but this holding was not in any way modified, that court reaching the same result as did this court (79 S. W. Rep., 1).

The subject of article 397, as it originally read, was the method and means by which an incorporated town or city, after a vacancy in its offices, can again elect officers. By the amendment of 1897 cities and towns having over two hundred and less than five thousand inhabitants, chartered by Special Act, and whose offices have been vacant for a period of ten years, are excluded from its benefits, in that it provides that "no election of officers in such town or city shall be had." The effect of this provision, it would seem, was to make the charter of such cities and towns ineffective for any purpose, and, we think, rendered the same null and void.

The amendment of 1897, when fairly construed, in our opinion, embraces but one subject, and its subject is the same as that of the article which it seeks to amend. (Johnson v. Martin, 75 Texas, 33; Fahey v. State, 27 Texas Crim. App., 158; Dehon v. La Fourche Basin Levee Board, 34 So. Rep., 773.)

Again, if that part of the amendment providing that towns and cities chartered by Special Act, and which contain more than two hundred and less than five thousand inhabitants, and whose offices have been vacant for ten years or more, shall become void and forfeited, is not embraced in the subject of the original article, then such provision repeals the former special laws incorporating such cities and towns, and is not the enactment of a new law. The repeal of a statute on a given subject is properly connected with the subject matter of a new statute on the same subject, and the repealing clause is valid, notwithstanding the title is silent on that subject. (Cooley's Const. Lim., p. 208, 17th ed.; Fielder v. State, 49 S. W. Rep., 377.

Article 397, as amended, annulled the charters of 1856 and 1866, granted in those years by Special Act of the Legislature. These Acts, or at least one of them, was in force in 1881, when the city of Athens attempted to incorporate under the general laws of the State, and, as there can not be at the same time, within the same territory, two distinct corporations exercising like powers and jurisdictions, such attempt to incorporate was void. (State v. Wofford, 90 Texas, 514; State v. Dunson, 71 Texas, 65; Buford v. State, 72 Texas, 182; Harness v. State, 76 Texas, 566.) When the inhabitants incorporated under the general laws of the State, in 1901, there was no municipal corporation in existence in the territory of the former city of Athens.

Plaintiff alleged that the county judge made no order, ordering the

election held the 10th of May, 1901, for the incorporation of the city of Athens, and that he failed to hear proof as to the number of inhabitants residing in the territory sought to be incorporated, and that he failed to have satisfactory proof made prior to said election that the said territory contained as many as two thousand inhabitants. Plaintiff further alleged that seventy-five percent of the land comprising the territory of the pretended corporation of the city of Athens is woods, farm and pasture lands; that this land was not intended, and was not suitable, for town or city purposes; that the same was fraudulently embraced within the territorial limits of said pretended corporation for the purpose of taxation and for no other purpose.

The method of procedure for the incorporation of a city or town, under the general laws of the State, is pointed out in article 385 and article 580 of the Revised Statutes. By article 581 it is provided: "If satisfactory proof is made that the city or town contains the requisite number of inhabitants, it shall be the duty of the county judge to make an order for the holding of an election on a day therein stated, and at a place designated within the city or town, for the purpose of submitting the question to a vote of the people." If a majority of the votes cast are in favor of incorporation it is the duty of the officers holding the election to make return thereof to the county judge within ten days after the election is held. (Rev. Stats., art. 585.)

By article 586 it is made the duty of the county judge, within twenty days after the receipt of the returns, to make an entry upon the records of the Commissioners' Court that the inhabitants of the city are incorporated within the boundaries thereof, which shall also be designated in the entry, and a certified copy thereof, together with the plat of the city or town, shall thereupon be recorded in the proper record of deeds of such county. It will be noted that article 581 of the Statutes does not, in express terms, require that the order for holding the election shall be entered of record in the minutes of the Commissioners' Court, while article 586, declaring the result of the election, does require the county judge to make an entry upon the records of the Commissioners' Court that the inhabitants of the city or town are incorporated. We are led to believe, by this difference in the language of article 581 and article 586, that the Legislature did not intend that the order for the holding of the election should be entered of record in any particular book. The county judge is required to make the order. It was shown by a certified copy attached to respondent's answer, and which it would seem from the record the parties took as a fact established upon the hearing of the demurrers, that the county judge did, in vacation, on the 23d day of April, 1901, make an order for the holding of an election, as required by article 581, but this order was not spread upon the minutes of the court at the time it was made. The order was entered upon the minutes of the Commissioners' Court on July 8, 1901, on the motion of the county judge, he stating therein that, "By oversight, I failed to have said order spread on the record of the court, and on my own motion I *now* for *then* place this order of record." This order is dated April 23, 1901, and reads: "On this day a petition, signed by more than fifty voters who are entitled to vote in the city of Athens, was presented to me, asking that the city of Athens be incorporated under the General

Laws of the State of Texas, including the boundaries therein described, being four square miles, and, after hearing proof, I found that the city of Athens, as bounded in said petition, contained the requisite number of inhabitants to authorize said election, and on that day I granted and made an order for holding said election at the courthouse in the town of Athens, to be held on the 10th day of May, 1901, and at the same time appointed J. T. Deen manager of said election." There was no error in the county judge, on his own motion, entering this order of record *nunc pro tunc.* If he had knowledge of the fact that the order had been made, and knew its contents, he was authorized to enter it of record *nunc pro tunc.* (Blum v. Neilson, 59 Texas, 379; Fort Worth & D. C. Ry. Co. v. Roberts (Sup.), 81 S. W. Rep., 26; Slayden Co. v. Palmo, 13 Texas Ct. Rep., 964.) It being shown that the county judge did make an order for holding an election to determine whether the inhabitants of the city of Athens should incorporate more than ten days before the election was held, it is immaterial, under the statute, that such order was not entered on the minutes of the Commissioners' Court until after the election was held, and after it had been determined that a majority of the votes cast were in favor of incorporating. The order recites that the judge heard proof, and found that the city of Athens contained the requisite number of inhabitants to authorize the election. It is held that the finding of the county judge in this respect is conclusive. (Ewing v. State, 81 Texas, 172; State v. Goodwin, 69 Texas, 57; Foster v. Hare, 62 S. W. Rep., 541.) The trial court for this reason correctly held that it could not inquire into this matter.

The statute does not make it the duty of the county judge to determine whether the proposed limits of the city or town to be incorporated embraced territory that ought not to be included. It is the duty of the promoters of the corporation to fix these limits, and to so fix them as not to include an unreasonable amount of pasture, agricultural and woodland therein. (Judd v. State, 62 S. W. Rep., 545; Thompson v. State, 56 S. W. Rep., 603; Ewing v. State, 81 Texas, 175; State v. Edison, 76 Texas, 302.) If it be a fact that as much as seventy-five percent of the territory embraced in the corporation is woods, farm and pasture land, not suitable for city purposes, and was included therein for the purpose of taxation only, these facts would render the corporation void, unless the defect in this respect is cured by the Act of the Twenty-seventh Legislature, First Called Session, validating cities and towns whose incorporation is invalid by reason of having incorporated therein pasture, agricultural, or other land adjacent to such cities and towns. (See Laws of 1901, First Called Sess., p. 32.) This Act is entitled, "An Act to amend article 386c, chapter 1, title 18 of the Revised Civil Statutes of Texas of 1895, relating to cities and towns."

Appellant assails this last-named Act as unconstitutional, in that neither the title to said Act nor the article to which it refers gives notice that such legislation would be enacted. The subject of the original article 386c, of the Revised Statutes of 1895, was the validating of cities and towns whose charters might be void by reason of a failure to properly define their limits or that may have included in such limits more territory than is provided for in article 386a. The subject of the amendment of 1897 is the validating of charters of cities and towns

which may be void in failing to properly define their limits and in embracing pasture and agricultural lands. Neither the original nor the article as amended is subject to the objection made by the appellant. Nor is the title to the amendment passed by the Twenty-seventh Legislature, purporting to amend article 386c of the Revised Statutes of 1895, insufficient upon which to base an amendment to the Revised Statutes of 1895 by reason of the fact that it had theretofore been amended by the Twenty-fifth Legislature.

Article 386c of the Revised Statutes of 1895 was amended in 1897 by the 25th Legislature, the amendment taking the place of the original article. This amendment of 1897 had become article 386c when the amendment of 1901 was passed, and the reference made by that Act to article 386c had reference to the article as amended in 1897 and was sufficient. Quinlan v. Houston & T. C. R. R., 89 Texas, 356.

Plaintiff in its first supplemental petition further assails this Act for the reason that it was passed at a called session of the Legislature and the Governor had not, and did not by a message, call the attention of the Legislature to such legislation. The trial court did not err in sustaining a special exception to this allegation. The courts will not go into such an investigation to determine whether as a matter of fact the Legislature in enacting the law failed to observe some rule of procedure prescribed by the Constitution, for the purpose of invalidating it. Williams v. Taylor, 83 Texas, 667; Moller v. Galveston, 57 S. W. Rep., 1120; Ball v. Presidio Co., 27 S. W. Rep., 102; City Oak Cliff v. State, 77 S. W. Rep., 26. By this Act it is provided that "All cities and towns in this State heretofore incorporated that may be invalid by reason of having incorporated pastural, agricultural and other land adjacent to such cities and towns but which cities and towns do not include more territory than is provided for in article 386a be and such charter and incorporation of all such cities and towns are declared valid." It is not contended that the city of Athens contained more territory than was authorized by article 386a of the Revised Statutes. The contention is that 75 percent of its territory is composed of woodland, agricultural and pasture land not suitable for city and town purposes. This Act validated this defect in the charter and corporation and the State can not now be heard to complain of the corporation in this respect.

From the above remarks it follows that the trial court correctly held that the city of Athens is duly incorporated and that there is no error in the judgment.

The appellees plead the special Act passed by the first called session of the Twenty-seventh Legislature as validating the incorporation of the city of Athens and attached to their answer a certified copy of the same. See Special Laws of 27th Leg., 1st Called Sess., p. 1. This Act the appellees insist, although plead by them as a special law, is in fact a general law and that it not only validates the corporation, but by referring to the city of Athens as a valid corporation, the State is estopped from now attacking it. In this contention we do not concur. We are of opinion the Act is a special law. Smith v. Grayson Co., 18 Texas Civ. App., 153. The plaintiff challenges the validity and constitutionality of this special Act. It charges that the Act is a local

or special law and that it was passed without notice having been given that such legislation would be applied for and that the passage of the same was secured by acts of fraud and conspiracy. The court sustained an exception to these allegations. In doing so we think the court ruled correctly. We are of the opinion that these matters could not be inquired into by the court for the purpose of invalidating a statute appearing upon its face to have been duly enacted. Williams v. Taylor, supra. But appellant contends that the Constitution provides in substance that the Legislature shall not pass any local or special law incorporating cities, towns or villages or changing their charters, and it is insisted that validating the corporation of the city of Athens is "authorizing the incorporation of said city." We can not agree with this contention. We are of the opinion that the Legislature could by special Act validate defects made in an honest attempt to incorporate under the General Laws. While the Legislature could not under the Constitution by special Act create a municipal corporation having a population of 10,000 inhabitants or less, nevertheless, it had the power by special Act to pass a curative Act legalizing the defective incorporation of a city already in existence under the General Laws. Nolan v. State, 83 Texas, 182; Reed v. Plattsmouth, 107 U. S., 568; Middleton v. City San Augustine (Fla.), 29 So. Rep., 431; Oak Cliff v. State, 77 S. W. Rep., 26; Cooley's Const. Lim., p. 530, 531 (17th ed.); Brown v. Galveston, 97 Texas, 1; Richman v. Muscatine Co. (Iowa), 4 Law Rep. Ann., 445. We conclude that the special Act under consideration is valid.

As above stated, in our opinion the city of Athens is a valid municipal corporation, and that it is so, independent of the special Act of the Twenty-seventh Legislature. But should we be mistaken in this, then we conclude that the effect of the special Act was to validate any supposed defects in the corporation, resulting from irregularities in petitioning to determine if an election should be held to incorporate under the General Law, or in ordering or holding of same, or in declaring the result thereof, and also in including territory of four square miles within the corporate limits.

In passing upon the case we have treated the certified copy of the order of the county judge attached to respondent's answer, and the certified copy of the special Act of the First Called Session of the Twenty-seventh Legislature, also attached to the answer, as facts established, and treated the questions purely as questions of law. They seem to have been so regarded and treated both by the court below and the parties in their briefs. As it would serve no useful purpose to reverse the judgment in order to have these facts found we are of opinion the case should be finally disposed of on this appeal. Newton v. Emerson, 66 Texas, 147.

The judgment will, therefore, be affirmed.

*Affirmed.*

Writ of error refused.