KING v. TERRELL, Comptroller.
(No. 6190.)

(Court of Civil Appeals of Texas. Austin. Jan. 9, 1920. Rehearing Denied Feb. 5, 1920.)

1. PLEADING ⟡403(2)—PETITION AIDED BY ANSWER.

A petition, in an action to enjoin the state comptroller from issuing warrants, on the ground that a law providing therefor was void, which referred to a certified copy of the alleged void law, but did not have such copy attached, was cured by the answer, to which was attached a certified copy of such law.

2. STATUTES ⟡61 — DECISION OF LEGISLATURE THAT BILLS INTRODUCED AT SAME SESSION WERE NOT THE SAME NOT DISTURBED BY COURT.

It appearing that the members of the Thirty-Sixth Legislature thought that Senate Bill No. 32, relating to salaries of judges, was not in substance the same as House Bill No. 21, relating to salaries of judges, which was defeated, the courts ought not to interfere and hold that the former was in substance the same as the latter and that the Legislature did not have power to pass it under Const. art. 3, § 34, the question being one upon which the minds of reasonable men might differ.

3. STATUTES ⟡61—PRESUMED THAT LEGISLATURE HAD NOT PREVIOUSLY INCAPACITATED ITSELF FROM ENACTING STATUTE.

Since the Thirty-Sixth Legislature was lawfully in session, and had the inherent right to legislate upon the question of fixing the salaries of judges, the courts will presume that such Legislature had not incapacitated itself from enacting into law Senate Bill No. 32 by defeating at the same session a bill similar in substance, contrary to Const. art. 3, § 34, and will not suffer such presumption to be rebutted.

4. STATUTES ⟡283(2)—STATUTE AUTHENTICATED AND PROMULGATED NOT SUBJECT TO ATTACK.

Where an act appears to be duly authenticated according to required standards, the power to ascertain and test whether the constitutional demands have been complied with should be vested in the Legislature itself, and when it appears that the authentication and promulgation of the legislative department has been in conformity to the Constitution, the courts will not permit any further inquiry into the matter, and will not permit legislative journals to be invoked to overturn the authenticated statute.

5. CONSTITUTIONAL LAW ⟡48—NOT ANNULLED MERELY ON SUGGESTION OF DOUBTS AS TO CONSTITUTIONALITY.

Statutes should not be annulled by the courts merely because doubts may be suggested as to their constitutionality.

Appeal from District Court, Travis County; V. L. Brooks, Special Judge.

Suit by A. H. King against H. B. Terrell, Comptroller of Public Accounts of the State of Texas, to restrain the latter from issuing a warrant in payment of salaries. Judgment for defendant and plaintiff appeals. Affirmed.

T. R. Odell and A. G. Dawson, both of Austin, for appellant.

C. M. Cureton, Atty. Gen., Jno. Maxwell and J. C. Wall, Asst. Attys. Gen., and Black & Smedley, of Austin, for appellee.

McCARTNEY, Special Judge. The Thirty-Sixth Legislature of the state of Texas, enacted into law what was called Senate Bill No. 32, the first section of which is as follows:

"That from and after the passage of this act, Judges of the Supreme Court, Judges of the Commission of Appeals, and Judges of the Court of Criminal Appeals, of this state shall each be paid an annual salary of six thousand, five hundred dollars, payable in equal monthly installments; that the Judges of the several Courts of Civil Appeals of this state shall each be paid an annual salary of five thousand dollars, payable in equal monthly installments; and that the judges of the district courts of this state, shall each be paid an annual salary of four thousand dollars, payable in equal monthly installments."

The plaintiff, A. H. King, appellant in this court, and a resident and property owner of the state of Texas, filed his petition in the district court of Travis county, Tex., against H. B. Terrell, comptroller of public accounts of the state of Texas, asking that the latter be restrained from issuing any warrant or other instrument in payment of any salary provided for in said law.

The appellant alleged that the portion of this law fixing the salary of the district judges was void for the alleged reason that the act was passed contrary to section 34, article 3, of the Constitution of the state of Texas which reads as follows:

"After a bill has been considered and defeated by either house of the Legislature, no bill containing the same substance shall be passed into a law during the same session."

---

⟡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

As basis for this contention, appellant also alleged that at the same session of the Legislature and prior to the passage of the act above set out, another bill, called House Bill No. 21, was "killed," by which expression we assume it was intended to allege that said house bill had been considered and defeated, and we will so consider it. It was also alleged that said House Bill No. 21 was as follows:

"That article 7059 of chapter 3, title 121, of the Revised Civil Statutes of the state of Texas, for 1911, be and the same is hereby amended so as to hereafter read as follows: Article 7059: The judges of the district courts of this state shall each receive a salary of $3,600.00 a year."

And appellant further alleged that this defeated bill was the same in substance as that part of the enacted bill which relates to the salary of district judges.

Appellant also alleged that the entire act is void, because a certified copy shows that the bill passed the Senate February 11, 1919, by a viva voce vote, and that the bill was amended in the House on February 20, 1919, and, further, that such copy shows that Senate Bill No. 32 passed the House of Representatives February 26, 1919, by a vote of 76 yeas and 48 noes, but that it does not show that said amendment was concurred in by the Senate, and he relies upon section 14, article 4, of the Constitution of the state of Texas, which reads as follows:

"Every bill which shall have passed both houses of the Legislature shall be presented to the Governor for his approval," etc.

[1] Plaintiff's petition, while it refers to a certified copy of the enacted law, does not have such copy attached, and his petition does not further state what such copy shows, but the defendant, appellee in this court, attached to his answer a certified copy of the enacted law, which we think can be considered in connection with and in aid of appellant's petition. Lyon v. Logan, 68 Tex. 524, 5 S. W. 72, 2 Am. St. Rep. 511; Maryland Casualty Co. v. Hudgins, 97 Tex. 128, 76 S. W. 745, 64 L. R. A. 349, 104 Am. St. Rep. 857, 1 Ann. Cas. 252. This copy of the bill shows that it was signed by the president of the Senate and the Speaker of the House, and bears the following indorsement:

"Senate Bill No. 32 passed the Senate February 11th, 1919, by viva voce vote. W. E. Conn, Secretary of the Senate."

And also the following indorsement:

"SB No. 32 Amended in the House February 20th, 1919."

And also the following indorsement:

"Senate Bill No. 32, passed the House of Representatives February 26th, 1919, by a vote of 76 yeas and 48 noes, T. B. Rees, Chief Clerk House of Representatives."

And also the following indorsement:

"Received in the Executive Office, this 27th day of February, 1919, at three o'clock and fifteen minutes p. m. M. Edmondson, Assistant Private Secretary."

And also the following indorsement:

"Approved, March 3rd, 1919. W. P. Hobby, Governor."

And also the following indorsement:

"Received in Department of State this 4th day of March, 1919, at 5 o'clock and 15 minutes, p. m. C. D. Mims, Acting Secretary of State. [Seal.]"

The petition does not allege that the Senate did not concur in the House amendment to the bill, nor does the petition state that the bill was not actually authenticated and deposited with the secretary of state, as required by the Constitution.

The Hon. V. L. Brooks, special district judge, sustained a general demurrer to the plaintiff's petition, and ordered same dismissed, holding that it stated nothing which invoked the jurisdiction of the court.

The appellant has appealed to this court, and by appropriate assignments of error challenges the action of the district judge.

[2] It is claimed by appellee that the difference of $400 in the amount of salary to be paid makes the two bills of different substance within the meaning of the Constitution. If there had been only a difference of $1 or $10, or other unsubstantial amount, we think the two bills would have been of the same substance. Without stating what the members of this court think about the alleged difference of $400, it may be conceded, for purposes of this opinion, that this raises a question about which there might arise a genuine cleavage of opinion in the minds of reasonable men; but if this difference of $400 is such as to cause a reasonable divergence of view, then, clearly, if the members of the Legislature thought the two bills were not of the same substance, the courts ought not to interfere, even if in any event they have jurisdiction to do so.

We might content ourselves with this view of the case by proceeding no further, but on account of the insistence of appellant we have concluded to briefly discuss the case upon the hypothesis that plaintiff's petition upon its face discloses two bills of the same substance, and if so, it must be conceded that the case of Brewer v. Huntingdon, 86 Tenn. 732, 9 S. W. 166, by the Supreme Court of Tennessee, fully sustains appellant's contention; and it would appear that he is also sustained by the reasoning in the Texas case of Manor Casino v. State, 34 S. W. 769. But this case is clearly opposed by the later cases of Presidio County v. City National Bank, 20 Tex. Civ. App. 511, 44 S. W. 1069, and State v. Larkin, 41 Tex. Civ. App. 253, 90 S. W. 912, and several other Texas cases.

In view of the fact that the Supreme Court refused a writ of error in each of the two cases last mentioned, we think we are justified in assuming that the latter court approved the conclusions of the Courts of Civil Appeals found in those cases, and we are wholly unable to distinguish in principle the reasoning and conclusions found in those cases from the claim of appellee in the instant case that the courts are powerless to inquire into this question.

[3] Appellee argues that the Legislature has found as a fact that the two bills were not the same in substance, and, as above indicated, we are of the opinion that the Legislature was justified in so finding; but if it should be conceded that the petition shows two bills of the same substance, then we think, when it is conceded that the Legislature was lawfully in session and has the inherent right to legislate upon the question of fixing the salaries of the judges, the courts should and will presume that the Legislature, having this general power to enact the law, had not previously incapacitated itself from so doing, and they will not suffer this presumption to be rebutted.

In connection with this subject, it will here be appropriate to consider appellant's contention that the entire act is void, because it appears that the original Senate Bill was amended in the House, and it does not appear that the Senate concurred in this amendment.

[4] As the act appears to be duly authenticated according to required standards, the power to ascertain and decide whether the constitutional demands have been complied with should be vested in the Legislature itself; and, when it appears that the authentication and promulgation of the Legislative department has been in conformity to the Constitution, the great weight of modern authority, as we think, is to the effect that the courts will not permit any further inquiry into the matter. Any other rule would invite intolerable results. If the legislative journals are to be invoked to overturn the authenticated statute, whether the journals themselves speak the truth at once becomes a pertinent inquiry. Charges that the original journal entries are incorrect, through error or honest mistake, would multiply, to say nothing of charges that the original entries themselves had been falsified or changed. Upon such issues there would be brought, not only the fallibility of human memory, but the sinister testimony of the designing and corrupt. Who would pass upon these issues? A judge, or a judge aided by a jury, in the ascertainment of the facts from which a proper legal conclusion is to be drawn. Amid such surroundings, a judge, thus aided, could very conscientiously in one case conclude that a statute had not been properly passed, and another judge in another case, weighing substantially the same testimony, could honestly come to a contrary conclusion. With even such a possibility confronting us, we think it better to adhere to the long-honored rule laid down by the English courts in passing upon acts of Parliament, and which rule has found an enduring place in our own judicial structure. Williams v. Taylor, 83 Tex. 667, 19 S. W. 156. Under the authority of that case alone, we would feel constrained to rule against appellant.

The cases bearing upon both sides of this proposition are collected in an elaborate note appended to the case of A., T. & S. F. Ry. Co. v. State, 40 L. R. A. (N. S.) 1, and material can there be gathered for an endless legal controversy. It would be an idle and fruitless task to attempt to review the many and conflicting decisions, and we will content ourselves with a brief quotation from only one case outside of our own jurisdiction. The following from the case of Evans v. Browne, 30 Ind. 514, 95 Am. Dec. 710, is so singularly appropriate that we will embody it in this opinion. It was there said:

"But it is argued that, if the authenticated roll is conclusive upon the courts, then less than a quorum of each house may, by the aid of corrupt presiding officers, impose laws upon the state in defiance of the inhibition of the Constitution. It must be admitted that the consequences stated would be possible. Public authority and political power must, of necessity, be confided to officers, who, being human, may violate the trust reposed in them. This perhaps cannot be avoided absolutely. But it applies also to all human agencies. It is not fit that the judiciary should claim for itself a purity beyond others; nor has it been able at all times with truth to say that its high places have not been disgraced. The framers of our government have not constituted it with the faculties to supervise our co-ordinate departments and correct or prevent abuses of their authority."

We think the true and correct rule is that in passing upon the validity of a legislative act the courts should inspect the completed work and deal with it alone, and, if this is found to meet the constitutional requirements, they are not permitted to inquire whether the legislative workmen in the processes of their labors assembled imperfect material, employed defective tools, or worked during forbidden hours.

Courts in various jurisdictions have written much upon this subject, but ever since the cases of Pangborn v. Young, 32 N. J. Law, 29, and Field v. Clark, 143 U. S. 649, 12 Sup. Ct. 495, 36 L. Ed. 294, were delivered, most of what has been said has been commentary upon the reasoning found in those cases.

[5] If we felt inclined to do otherwise, which we do not, we would feel constrained to affirm the action of the trial court upon the authority of the case of Williams v. Taylor alone; and if we were in doubt about the

correctness of our conclusion, it would be both our duty and pleasure to uphold the law. It would be our duty because statutes should not be annulled by the courts merely because doubts may be suggested as to their constitutionality, and in this case we are not in doubt. It would be our pleasure, because the particular piece of legislation under review, if it does not do full justice to an underpaid judiciary, is at least a commendable effort to do so.

The judgment of the court below is affirmed.

Affirmed.

SPELL, Special Chief Justice, and MAHAFFEY, Special Associate Justice: We fully concur in the foregoing opinion.