## J. T. JUDD v. STATE OF TEXAS.

Decided February 23, 1901.

**1.—Parol Evidence—Written Instrument Lost—Boundaries.**

Upon proof of the loss of a petition for the incorporation of a town, parol evidence is admissible to prove, as part of its contents, the boundaries therein shown.

**2.—Incorporation of Towns—Excessive Territory—Validation—Commissioners Court.**

Where the incorporation of a town was invalid because 75 to 80 per cent of the territory included was agricultural and pastoral land, such invalidity was not cured by article 616c, Revised Statutes, since that article has no application to incorporations in violation of law, but only to such as were defective because of a failure to comply with all the requirements of the law; nor could such invalidity be cured by an order of the commissioners court changing and making smaller the boundaries, since that court had no jurisdiction in the matter.

**3.—Same—Act of 1893—Constitutional Law.**

Nor was such invalidity cured by the Act of 1893, page 175, relating to the incorporation of towns for school purposes, since that act has no application to general municipal corporations, and if intended to have such application, it is obnoxious to the provision of the Constitution (section 35, article 3) prohibiting the inclusion of more than one subject in the same bill.

**4.—Same—Revised Statutes—Codification Not a Re-enactment.**

The invalidity of an act of the Legislature resulting from its violation of the provision of the Constitution prohibiting more than one subject in the same bill is not obviated by the subsequent inclusion of the act, with a division of it into two articles, in the codification of the present Revised Statutes, and upon the ground that the adoption of the Revised Statutes was a re-enactment of the law, since the Revised Statutes, by virtue of express provision therein, are to be construed as continuations of the existing law, and not as new enactments of the same. Final Title, sec. 19.

Appeal from Grayson. Tried below before Hon. Rice Maxey.

*Wolfe, Hare & Semple,* for appellant.

*L. B. Eppstein* and *C. T. Freeman,* for appellee.

RAINEY, CHIEF JUSTICE.—This is a quo warranto proceeding to oust the appellant as mayor of the towns of Pottsboro, for the alleged reason that said town was never legally incorporated, as the limits sought to be incorporated include agricultural and pastoral land. Judgment below ousted appellant, from which this appeal is prosecuted.

The sketch on page 419 will illustrate more clearly the facts hereinafter stated, about which there is no controversy.

In 1885, upon a petition signed by the requisite number of citizens, the county judge of Grayson ordered an election to determine whether or not the town of Pottsboro should be incorporated so as to include the boundaries to all the territory embraced in the outer lines of said sketch, which will be referred to hereafter as territory "A." The election was ordered and held within said town, and resulted in favor of incorporating. The judge then entered an order in the minutes of the commissioners

Court, purporting to incorporate the territory indicated on the sketch
by the lines marked "B," and which will hereafter be designated as terri-
tory "B."

After this action of the county judge was entered on the minutes of
the Commissioners Court, the town of Pottsboro exercised all the func-
tions of a town or village, and was recognized as such up to November
18, 1893. On that date a petition was filed in the Commissioners Court
of Grayson County, Texas, asking that the said corporation lines of the
town of Pottsboro be corrected and changed so that the boundaries of
said corporation should embrace only the territory marked on the sketch
at the corners by the letter "C," which will be hereafter referred to as ter-
ritory "C."

The Commissioners Court acted on this petition on the same date,
making an order that the field notes read so as to describe territory "C."
After this action on the part of the Commissioners Court, the town of

| C<br>Tenant House □<br><br>Potts □ House<br>40 Acres<br><br>Lumber Yard<br><br>Tenant House □<br>Bryant's Farm<br><br>40 Acres<br>C | C<br><br><br>B<br><br>Thomas Survey<br><br>160 Acres<br><br><br><br>C | B<br><br><br><br><br><br><br><br>B<br><br><br><br>B |
|---|---|---|

Pottsboro exercised jurisdiction only over territory "C," and over no
other part of the various territories herein described.

The territory herein referred to as territory "A" included on the east
a 160-acre tract of land, which was fenced, which then was and at all
time since has been uninhabited, and which at all times herein men-
tioned was used as a cow pasture, and was known as the D. E. Bryant
pasture. Territory "A" also included a second 160-acre tract, known
as the W. M. Thompson survey, the south 70 acres of which was a fenced
cow pasture, was and is wholly uninhabited, but since 1885, 30 acres
have been put into cultivation. Of the other 90 acres of the W. M.
Thompson survey, the northern portion was not inhabited, and 13 acres
has since been put into cultivation. Territory "A" further included two
40-acre farms, which were known respectively as the Bryant farm and
the Potts farm. On the Bryant farm lived a tenant and his family who
were engaged in cultivating this tract of land, and other land west of it.
On the Potts farm Mr. Potts lived. There also resided on this tract
a tenant who was employed in cultivating this and other land west of it.

Territory "B" includes the 160-acre tract known as the D. E. Bryant pasture, and the east 66 acres of the W. M. Thompson survey. This, of course, includes part of the 70-acre pasture, and part of the 90-acre tract, on which was situated the collection of houses known as the town of Pottsboro. Judge Bryant and Mr. Potts (whose wives were the owners of the agricultural and pastoral land herein described) both opposed the incorporation of the town of Pottsboro and worked against it. Mr. Potts and his wife resided on the 40 acres of land adjoining the town of Pottsboro. Judge Bryant and his wife resided in Sherman, Texas. In 1885 the town of Pottsboro contained 204 inhabitants, and at the time of the trial of this case about 400. In April, 1900, there was an election held in the town of Pottsboro for mayor, and the appellant was elected to fill said position. If said corporation is held to be valid, then no question is raised as to his right to hold and exercise the functions of said office.

The original petition presented to the county judge in 1885 is lost, and parol evidence of its contents was admitted over the objections of appellee. The contention of appellee is, that the order of the county judge, entered on the minutes of the Commissioners Court, which shows the boundaries to be as shown on the map as territory "B," is conclusive in the absence of the original petition, and that the contents of said petition can not be shown by parol evidence. Our Supreme Court has held that the order of the county judge was not conclusive as to boundaries, but that the boundaries set forth in the petition to be incorporated controlled. Ewing v. State, 81 Texas, 172; Furrh v. State, 6 Texas Civ. App., 221. We see no reason why the admission of proof of the contents of the petition by parol, it being lost, should be an exception to the general rule which permits the contents of lost instruments to be established by parol. There was no error in this action of the court.

It will be noted from the evidence that about 75 or 80 per cent of the territory as originally attempted to be incorporated was agricultural and pastoral land adjacent to said town. This land can not fairly be termed a part of the town as it existed or now exists, and the inclusion of such a quantity of agricultural and pastoral land was clearly illegal, and rendered the attempt to incorporate invalid. Ewing v. State, supra; Matthews v. State, 82 Texas, 577; McCloskey v. State, 4 Texas Civ. App., 322.

It is insisted, however, that if said action was invalid, it was validated by the provisions of article 616c, Revised Statutes, which validates corporations where, in attempting to incorporate, there was a failure "to comply with all the requirements" prescribed by the law. We are of the opinion that this case does not come within the provision of that article. The terms of said article apply to attempts at incorporation where the law was attempted to be followed, but in some particulars it was not done, and where, if the forms of the law had not been omitted, the incorporation would have been valid. In this case, however, none of the forms of the law were omitted, but an attempt was made to in-

corporate, in addition to the town, territory consisting of agricultural and pastoral land when there was no law authorizing the incorporation of such territory. The validating act applies to those attempts where a legal incorporation was sought to be established, but does not apply to those where it was sought to incorporate in violation of the law. Nor does the action of the Commissioners Court in 1893, where, on the application of certain citizens, it entered an order changing the limits of said town, come within the provisions of said article, 616c. The Commissioners Court had no jurisdiction in the matter, and such action was absolutely void and of no effect, and can not be considered as an attempt to comply with the law authorizing incorporating for municipal purposes.

It is also insisted that said incorporation was validated by the act of the Legislature in 1893 (page 175). The caption of said act related only to the incorporation of territory for school purposes, and the language used, if construed independent of the caption, is broad enough to include such an incorporation as this.

On the same day said act was passed the Legislature passed another act (Session Acts 1893, page 176) making provisions for cities and towns to eliminate the agricultural and pastoral land from their boundaries where such were embraced therein, and validating such corporations in the event such eliminations were thereafter made. It is therefore hard to conceive that the Legislature intended to validate the attempt to incorporate towns and villages that had included such land, and in some instances embraced an area of thirty-six square miles, when it, on the same day, passed an act validating the incorporations of cities and towns upon condition that such land should be eliminated from their territory.

If it be conceded, however, that the intention of the Legislature was that it should apply to corporations for general municipal purposes also, then we are of the opinion that it is obnoxious to section 35, article 3, of the Constitution of this State, which prohibits the including of more than one subject in the same bill.

The appellant insists that said act is not subject to such constitutional objection, but if so, that such defect was cured by the validating clause in said act being placed in the Revised Statutes as a separate article, numbered 616b, and that the adoption of the Revised Statutes was a re-enactment, and must be construed independently of any former action of the Legislature. Section 19 of the Final Title of the Revised Statutes reads: "That the provisions of the Revised Statutes, so far as they are substantially the same as the statutes of this State in force at the time when the Revised Statutes shall go into effect, or of the common law in force in this State at said time, shall be construed as continuations thereof, and not as new enactments of the same." This section declares that the Revised Statutes are not a re-enactment of the laws, but merely a continuation thereof, which in our opinion requires a construction of

the act as originally enacted. The act providing for a codification of the laws did not authorize the codifiers to change or alter them, but it was intended that the laws should be compiled and embodied in a convenient form. The body of said validating Act of 1893 is copied in the Revised Statutes as originally passed, except it is divided into two articles, one being 616b and the other 616c.

We are therefore of the opinion that the attempted incorporation of the town of Pottsboro is invalid, and the judgment of the District Court is affirmed.

*Affirmed.*

Writ of error refused.