## T. H. FOSTER v. SILAS HARE, JR.

Decided November 29, 1901.

1.—Incorporation of Towns—Contested Election.

Where a local option election in an incorporated town was contested on the ground that parties were permitted to vote who resided in a part of the town which had been added to the incorporation by a proceeding which was void, the issue in the case being as to what were the legal boundaries of the town, an objection to the proceedings as being an attack on the corporate existence of the town such as could be made only by proper State authority in an action brought especially for that purpose, was not well taken.

2.—Same—Boundaries—Evidence.

Where the petition for the incorporation of a town is lost, the order of the county judge declaring the result of the election will be taken, in the absence of evidence to the contrary, as showing the boundaries set out in the petition, and the action of the judge in ordering the election is conclusive that such boundaries contained the requisite number of 200 inhabitants.

3.—Same—Void Extension of Boundaries—Validating Act.

The action of the commissioners court in making an order to change the boundaries of an incorporated town upon the petition of 25 citizens was void, and such attempt to extend the corporate boundaries is not validated by the Act of 1895. Sayles' Civ. Stats., arts. 616c.

4.—Same—De Facto Corporation.

The extension of the boundaries of the town having been made without color of law, there is no force in the contention that, having exercised jurisdiction over the additional territory, the town became a de facto corporation as to such territory, whose authority could not be questioned except by the State.

Appeal from Grayson. Tried below before Hon. Don. A. Bliss.

*L. B. Eppstein,* for appellant.

*Wolf, Hare & Semple,* for appellee.

RAINEY, CHIEF JUSTICE.—This is an action contesting an election held to determine whether or not intoxicating liquors could be sold in the town of Pottsboro, in Grayson County. The ground of contest is, that certain persons not entitled to vote at said election were permitted to vote thereat, which affected the result of the election, which was in favor of "prohibition." On the trial in the District Court the election was upheld and judgment entered accordingly, from which this appeal is prosecuted.

There is no conflict as to the facts, and same are substantially stated by appellant in his brief, which we copy as follows: "In May, 1885, an application was filed with the county judge of Grayson County, Texas, signed by the correct number of people, asking that the town of Pottsboro be incorporated. On June 6, 1885, an election was held, which resulted in favor of the incorporation of said town; and on June 19, 1885, the county judge made an entry on the records of the Commisioners Court incorporating the said town of Pottsboro. At this

time there was a collection of inhabited houses in that part of Grayson County, which was called Pottsboro. The territory described in this order incorporating the said town of Pottsboro included approximately the east one-third of these houses and people, as well as certain territory east thereof that was not inhabited. The following map with statement following will illustrate the situation. The territory inclosed within the heavy lines is the territory that is described in this order. The balance of the houses are situated in that part of the territory inclosed by the light lines, west of the western heavy line, and no person or houses are situated in the territory inclosed by the heavy lines east of the east light line. A considerable portion of the west side of the territory inclosed by the light line is also vacant.

"On November 21, 1893, a petition was filed in the Commissioners Court of Grayson County, Texas, which is set out in full in transcript, on page 10, signed by ten residents of the incorporated territory and by fifteen of their neighbors living in the territory inclosed by the light lines, praying that the incorporation lines of said town of Pottsboro be corrected (from the territory described by the heavy lines) and granted on the territory described by the light lines. On the same day at the November special term of the Commissioners Court, an order was made by said court granting said application.

"The town of Pottsboro, from the time of its incorporation in 1885 to the present time, has exercised all of the functions of a town of its

class. It has permitted all of the people who resided in the territory inclosed by the light lines in the aforementioned plat to participate in all town matters, and has exercised jurisdiction, such as a town of its class would have, over all of the people and property situated in said territory. On September 10, 1900, the following petition, signed by fifty-five persons was filed in the Commissioners Court of Grayson County, Texas:

" 'To the Honorable Commissioners. Court of Grayson County, Texas: We, the undersigned qualified voters of the incorporated town of Pottsboro, hereby respectfully petition that you order an election to be held within said town and by the qualified voters thereof, on a date to be designated by yourselves, to determine whether or not the sale of intoxicating liquors shall be prohibited in said town of Pottsboro, and for such other proceedings in regard thereto as may be provided by law.'

"Afterwards, on the 10th day of September, 1900, the Commissioners Court ordered an election to be held in the said town of Pottsboro for the purposes set forth in said petition. Said election was held on the 29th day of September, 1900, and of the votes cast at said election a majority were cast in favor of prohibition. At said election all of the people residing within the territory inclosed by the light lines of the aforementioned plat were permitted to vote. All the signers of said petition and all the voters at said election reside within the territory inclosed by said light lines. It is agreed by all parties that of the votes casts by the people who reside in the heavy lines, such an uncertainty exists as to the result as to render the result doubtful, and it is agreed that this election shall be held to be void if the people who reside west of the westernmost heavy line were not entitled to vote."

It is insisted by appellee that this is an attack upon the corporate existence of the town of Pottsboro, and that such can not be done except by the proper State authority in an action brought specially for that purpose. In this contention we do not concur. The allegations of plaintiff's petition nowhere indicate an attack upon the corporate existence of said town, but on the other hand clearly recognize its existence. The claim of appellant is that an election was ordered for the incorporated town of Pottsboro, and that in holding said election parties were allowed to vote in said election who resided outside of the territory that was legally incorporated as the town of Pottsboro, which rendered doubtful the result of such election. Lum v. City of Bowie, 18 S. W. Rep., 144.

The appellants complain of the court's conclusion of law, "that the facts show an attempt was made to incorporate the territory embraced within the light lines * * * as the town of Pottsboro, such as comes within the provisions of the validating act of 1895." In addition to the facts stated above, the court also found as facts that at the time said town was incorporated in 1885, and ever since, less than two hundred inhabitants resided in the territory designated by the heavy lines, and that then and ever since more than two hundred inhabitants resided

within the territory designated by the light lines. The court held as conclusion of law that the facts show an attempt upon the part of the citizens residing in the territory embraced within the light lines to incorporate said territory as the town of Pottsboro such as comes within the meaning of the validating act passed by the Legislature of 1895, and that said territory embraced was de jure as well as de facto the incorporated town of Pottsboro.

Do the facts show an attempt to incorporate the territory embraced within the light lines? In proceeding to incorporate a city or town the inhabitants thereof or the promoters of the corporation must prescribe the boundaries of the territory to be incorporated for themselves, and the county judge in ordering an election must confined it to the boundaries prescribed. The petition for the incorporation of the town of Pottsboro in 1885 is lost, and there is no record evidence to determine what territory was incorporated except the order of the county judge declaring the result of the election, which is recorded in the minutes of the Commissioners Court and which shows the boundaries as indicated by the heavy lines. This, we take it, is conclusive, in the absence of any proof as to the description contained in the petition, as to what territory was intended to be incorporated. The fact that said territory included less than two hundred inhabitants does not affect the question, as the action of the county judge in ordering the election is conclusive as to the requisite number of inhabitants. Ewing v. State, 81 Texas, 172.

The action of the Commissioners Court in making an order changing the boundaries of said incorporation on the petition of twenty-five citizens of said town is a nullity. There is no law authorizing such a proceeding, and said court was therefore without jurisdiction in the premises. State v. Dunson, 71 Texas, 65. We therefore hold that the facts fail to show such an attempt to incorporate the territory within the light lines as comes within said validating act.

Said act (Sayles' Civil Statutes, article 616c) only validates those corporations that attempted to incorporate, but failed to comply with all the requirements of the law. This does not include those which have not taken any legal steps to incorporate, but only those which attempted to comply with the requirements of the law, but failed in some particulars to do so. As far as the record shows, no legal steps were taken to incorporate the territory embraced in the light lines, and there being a failure to comply with any of the requirements of law, it can not be said that an attempt was made. When the town of Pottsboro was originally incorporated its boundaries were fixed, and the same must so remain until the corporation is dissolved or changed in some mode prescribed by law. Harris v. State, 13 S. W. Rep., 535. There is no inherent power in the inhabitants of a town or city to incorporate. In order for them to do so they must follow the provisions of the law permitting incorporation (State v. Dunson, 71 Texas, 65; Buford v. State, 72 Texas, 182), and when so incorporated, such corporation's jurisdic-

tion is confined to the boundaries fixed in the act of incorporation. If the act of incorporation should not govern in this respect, then there is no method of determining the limits of jurisdiction, and interminable confusion would be the result. The town of Pottsboro having been duly incorporated, its jurisdiction was limited to the territory incorporated, which is the territory embraced in the heavy lines, and any attempt to exercise jurisdiction outside of said limits was void. But it is contended that having exercised jurisdiction over said territory it became a de facto corporation. A de facto corporation is one that exists under color of law. There is no color of law under which the town of Pottsboro can claim jurisdiction of the territory outside of that embraced in the heavy lines. We do not understand that a duly incorporated town can spread over territory not included in its boundaries, and when its authority is resisted by citizens of such territory claim to be a de facto corporation, and that its authority over such territory can only be questioned by the State.

The election being to determine whether or not intoxicating liquors should be sold in the incorporated town of Pottsboro, none but qualified voters of that town could vote. As the agreement is that others outside of said incorporated town were allowed to vote, which rendered the result of said election doubtful, the judgment of the court below will be reversed and here rendered for appellant.

*Reversed and rendered.*