**RICHARDSON et al. v. STATE.**

No. 13772.

Court of Civil Appeals of Texas. Dallas.

Dec. 13, 1946.

Rehearing Denied Jan. 17, 1947.

Dissenting Opinion Jan. 21, 1947.

240

Shirley W. Peters, of Dallas, for appellants.

H. Pat Edwards and Warren S. Cook, Civil Dist. Attys., J. E. McLemore, Jr., and Franklin E. Spafford, all of Dallas, for appellee.

H. P. Kucera, City Atty., of Dallas, amicus curiæ.

YOUNG, Justice.

This suit was in nature of quo warranto by the State through Dean Gauldin, Dallas County District Attorney, against respondent, questioning its corporate existence ab initio, alleging illegality of incorporation in several particulars; and, alternatively, that the City of Honey Springs had been abolished pursuant to statutory election

held February 20, 1946. Upon trial to a jury and verdict, judgment of ouster was rendered against the municipality and officers, terminating its corporate franchise for all purposes.

The specific charges of corporate invalidity on which the instant proceedings were based are first suggested in the following issues of the court's charge: The jury answering "There was not" to issue 1 inquiring if "there was land included within the field notes describing the area within said town which was not reasonably suited for town purposes, on or about May 1937, allowing for reasonable growth of such town"; answering "It was intended" to issue 3 of whether "at the time the petition for incorporation was filed with the County Judge there was land included in the field notes that was not intended to be used for strictly town purposes, allowing for a reasonable growth of such town"; and issue 4, "that the Town of Honey Springs, as the same is described in the field notes of the outside boundary lines of said town, embraces and contains more than twelve hundred eighty acres of land"; issue 5, that at time of incorporation of Honey Springs there were *not* less than 401 inhabitants in the area included in the field notes and plat of the land covering said town.

Respondent claims municipal existence pursuant to petition and order of the county judge on May 3, 1937, whereby the town of Honey Springs was declared incorporated under provisions of Art. 1133, Vernon's Ann. Civ.St., that "When a town or village contains more than two hundred (200) and less than ten thousand (10,000) inhabitants, it may be incorporated as a town or village" etc. See footnote.* On September 10, 1945, respondent's town council, by unanimous vote, enacted an ordinance adopting and accepting the provisions of Art. 961, R.S., Title 28, ch. 1, relating to cities and towns containing 600 inhabitants or over, its population being fixed in the ordinance at approximately 1,512; and in this connection the fact appears generally admitted that Honey Springs, at time of original incorporation

(1937), contained less than 2,000 inhabitants. Art. 971, R.S., same chapter and title, reads in part: "No city or town in this State shall be hereafter incorporated under the provisions of the general charter for cities and towns contained in this title with a superficial area of more than two square miles, when such town or city has less than two thousand inhabitants"; and the jury has found under issue 4 that in May 1937, the field notes describing area covered in corporate limits included more than two square miles. Likewise, it appears generally conceded, in briefs and argument of the parties on submission, that any attempted incorporation in violation of Art. 971 (more than two square miles of territory and less than 2,000 inhabitants) was illegal and void. Spurlin v. State, 15 Tex.Civ.App. 266, 115 S.W. 128; Merritt v. State, 42 Tex.Civ.App. 495, 94 S.W. 372; Wilson v. Carter, Tex.Civ.App., 161 S.W. 411. Relator's action for ouster would thus appear conclusively established, unless nullified by respondent's affirmatively pled defenses, now presented as its points of appeal, viz.: Error of the court in overruling and not sustaining its motion for instructed verdict and non obstante veredicto, (1) thereby erroneously holding, in effect, that the judgment in cause No. 284-A did not constitute a bar to the instant litigation; (2) that the provisions of Chapter 381, Acts 48th Legislature, Art. 1134c, V.A.S. was not a bar to the suit in quo warranto; (3) that appellants' ordinance of 1945 accepting the provisions of Title 28, relating to cities and towns, did not render moot the question of excess area (more than 2 sq. mi.) of Honey Springs as originally incorporated; (4) and in holding impliedly that an election called and held under Art. 1261 to abolish this municipal corporation organized and operating under provisions of Art. 961, was valid.

As bearing on above point 1, the proceedings pled in bar of quo warranto, styled Cause 284-A, should be briefly outlined. On May 22, 1946, J. J. Owsley, a resident of Dallas County, and property

* Prior to Acts 1941, 47th Legislature, c. 55, the minimum requirement was more than 400 inhabitants.

owner in the Honey Springs district, filed an injunction suit against respondent city, its mayor and five aldermen, for relief both temporary and permanent, alleging the 1937 incorporation of Honey Springs, its change-over by ordinance of September 1945 to status of cities and towns, pursuant to Art. 961; the election and vote of February 1946 to abolish the municipality, and order of the County Judge of Dallas County to such effect; that notwithstanding aforesaid election result, the town of Honey Springs, through its officers, was still attempting to enforce building regulations, threatening petitioner with prosecution for alleged violation thereof as to a building he was constructing; that it was likewise preparing to levy and collect taxes against his property and create a lien thereon, all of which was illegal and without authority of law; praying for above equitable relief along with actual damages.

On the same day and simultaneously, defendant city filed answer reiterating its corporate history inclusive of the ordinance of 1945, whereby it accepted the provisions of Art. 961, Title 28; describing the 1946 election to dissolve; alleging, in effect, that the consequent judgment of dissolution was invalid, in that the requirements of Art. 1261 were erroneously employed instead of Art. 1241; the latter statute constituting the proper method for undertaking to abolish said town; praying that petitioner Owsley take nothing by his suit and, further, "that the court enter declaratory judgment determining the status of defendants by virtue of the facts hereinabove alleged * * *." Further, on that day the parties, plaintiff and defendants, entered into an agreed statement of facts, captioned "Be it Remembered that upon a trial of above entitled and numbered cause before Judge Ralph Gillen, in the 14th District Court, on the 22nd day of May, 1946, the following proceedings were had:" Then appear, by way of stipulation, the material fact allegations contained in abovementioned pleadings of Owsley and defendant city.

On May 29, 1946, the instant petition for quo warranto was filed in 101st District Court, Dallas County, pursuant to permission and order granted by Hon. Wm. M. Cramer, Presiding Judge; attorneys for the State immediately filing, in Cause 284-A, a paper styled "Its Intervention", requesting a stay of all proceedings in the latter court for the reason that "there is now pending in the 101st District Court of Dallas County, Texas, an Information and Petition in Quo Warranto, instituted and filed by your Relator wherein all of the matters in the suit pending in this court are involved, and will be tested."

The foregoing agreed sets of facts in Cause 248-A was filed in 14th District Court June 20, and judgment rendered June 22, 1946, not mentioning the State of Texas by name but reciting that "The plea in abatement filed herein" was without merit and accordingly overruled; further stating, in effect, that the law and facts were with defendant city and that plaintiff Owsley take nothing by reason of his suit, to which action he excepted and gave notice of appeal.

Above judgment is here pled in bar of the instant suit for ouster; in which connection it will be observed that Cause 284-A solely involves validity of the February 1946 election to abolish an order of the County Judge therein; whereas, in this quo warranto proceeding, aforesaid election and order of dissolution was pled only in the alternative. The State's main count charged that the original incorporation of Honey Springs was in violation of law and void, because (1) containing more than 2 sq. mi. with less than 2,000 inhabitants; (2) containing less than 400 inhabitants at time of purported incorporation; (3) the act of incorporation was not in good faith, but to forestall annexation to the City of Dallas; it not functioning for many years after 1937 as prescribed by the statutes of Texas; not holding regular elections, its officials holding no regular meetings, keeping no regular books and records, making no attempt to levy and collect taxes; (4) that included as the major part of its area was farm land not intended to be used for town purposes.

The judgment under review is in conformity with appellee's main count attacking validity of the 1937 act of incorpora-

tion; and whether appellee's alternative plea (corporate dissolution following the February 1946 election) was thereby impliedly disallowed, we do not pause to determine. Crain v. National Life Ins. Co., 56 Tex.Civ.App. 406, 120 S.W. 1098, (writ ref.); Rackley v. Fowlkes, 89 Tex. 613, 36 S.W. 77. At least, such second count was not a necessary incident to aforesaid adjudication of ouster.

From what has been heretofore stated, it is obvious that appellants' plea of res adjudicata is not well taken, for the judgment asserted in Cause 284-A did not by express terms or otherwise include the matters determined in this proceeding in quo warranto. The pleadings in Cause 284-A, relating as they did to the February 1946 election, were followed by a take nothing judgment against plaintiff Owsley as to the relief sought by him. There was no attempt to adjudicate anything more. "It is a general rule, having its foundation in sound reason, that the former judgment or litigation relied on as having adjudicated the matter, and as a bar to further proceedings, should have involved and determined the same vital issue, or *that such issue, or question, should have been fairly within the scope of the pleadings.*" (Italics ours.) James v. James, 81 Tex. 373, 16 S. W. 1087, 1089; Davis v. First National Bank of Waco, 139 Tex. 36, 161 S.W.2d 467, 144 A.L.R. 1.

Nor did the State by its self-styled plea in intervention undertake to plead or tender issues on validity or not of the 1937 process of incorporation—manifestly a separate and distinct cause of action. This request or plea was no more binding upon appellee than would have been an oral statement to the same effect. Its only purpose was to call attention of the court to the pending suit in quo warranto, suggesting a stay of the Owsley injunction in consequence; the facts at issue in Cause 284-A (validity of February 1946 election) having been agreed upon by the parties thereto prior to said paper of intervention.

But appellant insists that the judgment in Cause 284-A is conclusive, not only of the subject matter determined, but of every other matter which the parties might have litigated or which they might have decided. The above broadly stated rule of conclusiveness by former judgment has been definitely modified under the well-considered cases. "What is really meant is that a judgment is conclusive of all matters, both offensive and defensive, which properly belong to the cause of action tendered by the petition of the plaintiff or the intervener, and which might have been brought forward for determination by the exercise of reasonable diligence." 26 Tex. Jur., Sec. 419, p. 137; and appellee's diligence is attested to here by its independent suit seasonably filed. It may be that the injunction suit of Owsley, a taxpayer (284-A), was maintainable under authority of Parks v. West, 102 Tex. 11, 111 S.W. 726, the acts of appellant city after February 1946 being treated as void; but certain it is that a proceeding, questioning the legal existence of a public corporation, may be brought only by or on relation of the State. 30 Tex.Jur., Sec. 20, pp. 44, 46; Troutman v. McClesky, 7 Tex.Civ.App. 561, 27 S.W. 173; First National Bank v. City of North Pleasanton, Tex.Civ.App., 257 S.W. 609, affirmed, Tex.Com.App., 291 S.W. 209. And appellant was not required to plead further in Cause 284-A, it having already undertaken to question appellant's existence in another forum. Even the rule which requires a defendant to set up all defenses that are involved in the claim or demand presented by petition of plaintiff, does not apply to cross-actions. "* * * it is almost axiomatic that while the defendant is entitled to set up any cross demands that he may have, his failure to do so will not preclude him from bringing a subsequent suit thereon, because a demand of that nature is not embraced within the cause of action asserted by the plaintiff. * * * This rule, as pointed out by a prominent text-writer, is based upon the principle that everyone having a right of action should be enabled to try it in his own way 'and a rule requiring him to litigate it at the option of his adversary might deprive him of the value of it.'" 26 Tex.Jur., Sec. 434, pp. 171, 172.

Appellant cites Elms v. Giles, Tex.Civ. App., 173 S.W.2d 264, affirmed 141 Tex. 446, 174 S.W.2d 588, and State v. Stanolind

244

Oil & Gas Co., Tex.Civ.App., 190 S.W.2d 510, as in support of the binding effect of appellee's intervention in Cause 284-A. These cases are clearly controlled by subdv. (j), Sec. 6, 5421c, V.A.S., wherein the State is required by law to intervene through its Attorney General.

Art. 1134c, V.A.S., Acts 48th Legislature, 1943, is interposed as fully curative of defects in original incorporation. However, the Act specifically outlines the matters to which it relates, providing in part: "* * * and the incorporation of such cities and towns shall not be held invalid by reason of the fact that the election may have been ordered by the Commissioners Court instead of the County Judge, nor shall such incorporation be held invalid on account of irregularities in the petition for election, order of election, notice of election, returns of election, order declaring result of election, or other incorporation proceedings"; it being significant that area or excess territory is not included in above listing. "Acts curing defects in the incorporation of municipalities under the general law apply where a legal incorporation was sought to be established—that is, where the law was attempted to be followed, but in some particulars was not followed, and where, if the forms of law had not been omitted, the incorporation would have been valid. They do not apply where it was sought to incorporate in violation of law * * *." 30 Tex.Jur., Sec. 22, p. 50; Foster v. Hare, 26 Tex.Civ.App. 177, 62 S.W. 541; Judd v. State, 25 Tex.Civ. App. 418, 62 S.W. 543 (writ ref.); and, as pointed out in State v. City of Del Rio, Tex.Civ.App., 92 S.W.2d 287, 288, 290, "A validating statute having reference to the validation of city charters is not a validation of boundary lines unless expressly so." Without further discussion we hold that Art. 1134c constitutes no defense to the vice inherent in appellants' 1937 Act of incorporation; i. e., its prohibited inclusion of more then two square miles of territory. While the Legislature has from time to time expressly validated municipalities having an excess area, these special statutes have been uniformly held inapplicable to corporations organized after their enact-

ment; Wilson v. Carter, Tex.Civ.App., 161 S.W. 411; having no application, therefore, to the present suit.

Neither did the September 1945 resolution of appellants' town council accepting the provisions of Chapter 1, Title 28, have any curative effect on the illegality involved in its original incorporation of excess territory. No attempt was then made to change the boundaries from those originally fixed in 1937, the population of Honey Springs at this later date being approximately 1,512. Art. 961, V.A.S., on which aforesaid council action was based, is manifestly no more than an enabling act, having nothing to do with boundaries, or the original act of incorporation, in so far as its validity was concerned; operating merely to enlarge the legal powers of towns and villages theretofore incorporated under Chapter 11. It reads in part: "Any incorporated city, town or village in this State containing six hundred inhabitants or over, however *legally incorporated* * * *." (Italics ours.) It is thus apparent that any town seeking to avail itself of the provisions of Art. 961, must have legal existence. Likewise, Art. 971 of the same chapter, Title 28, recites that "No city or town in this State shall be hereafter incorporated under the provisions of the general charter for cities and towns contained in this title with a superficial area of more than two square miles, when such town or city has less than two thousand inhabitants, * * *"; the Act obviously applying to *all* towns attempting to incorporate under any of the general law articles of Title 28, whether 961, 966 or 1133. By its acceptance of the enabling provisions of Ar. 961, appellant was not constituted a co poration de jure and thereby invulnerab to attack because of illegality in origin process of incorporation. Wilson v. Carter, supra.

Appellee alternately pleads a voluntary dissolution of the town by majority vote of the electorate in February 1946. See City of Honey Springs v. Templeton, Tex. Civ.App., 194 S.W.2d 620, for facts relevant thereto. This election proceeded under Art. 1261, wherein all resident poll taxpayers were deemed "qualified voters" and

entitled to participate. The vote was 168 to 72 for dissolution and the order of County Judge Templeton to such effect is attacked by appellant as void, in that a proceeding to abolish was authorized only by the provisions of Art. 1241 et seq., wherein the petition for election and the vote of dissolution are restricted to a majority of the resident taxpayers as shown by the last assessment roll. In support of said election result, appellee says that the named articles, 1241 and 1261, merely set forth alternate methods of procedure as regards voluntary dissolution, in which connection it should be noted that on above date of election appellant was at least a de facto corporation with the status of a city or town, pursuant to its acceptance of the provisions of Art. 961 by ordinance of September 1945.

The language of Art. 1261 is almost identical with Art. 615, R.S. 1895, as amended by the 25th Legislature in 1897. It first appears in Revised Statutes of 1879 as Art. 540, in chapter styled "Towns and Villages," requiring a petition of fifty voters to initiate the election, also a two-thirds majority to effect an abolition. Art. 1241 was Section 1 of Chapter 109, 24th Legislature, 1895, the emergency clause, Sec. 8, reading in part: "The fact that there exists no law for the abolishment of a corporation of cities and towns incorporated under chapter 1, title 17 (now 28) of the Revised Statutes * * *." Considering the legislative history of present Title 28, R.S. 1925, styled "Cities, Towns and Villages," the subject matter thereof is dealt with in two classifications, viz.: Chapter 1, on incorporation, having reference to cities and towns, and Chapter 11 to towns and villages; and by an equally distinct method was the abolition of each class provided for. It is our conclusion, in short, that through Arts. 1241, 1242 and 1243, the Legislature has provided a mode and method for abolishing cities and towns incorporated under provisions of Arts. 961 and 966, Chapter 1, Title 28, and that by following the terms of Art. 1261, towns and villages incorporated pursuant to Chapter 11, Title 28, may be abolished. It follows, from such a construction of the articles in question, that they do not furnish alternate methods whereby a municipality may be abolished; on the other hand setting up separate procedure for dissolving corporations of the classification named.

If necessary to this opinion, therefore, we hold that the 1946 proceeding to abolish was void, the dissolution of respondent by a vote of the electorate not being thereby effectuated. On grounds heretofore stated, however, the judgment under review is in all respects affirmed.

BOND, Chief Justice (dissenting).

This is a quo warranto proceeding challenging the corporate existence ab initio of the town of Honey Springs and to oust appellants' mayor and several aldermen of the town for the alleged reasons that said town was never legally incorporated, in that, the area sought to be incorporated includes land that was not reasonably suited for town purposes; that the field notes designating the outside boundary lines of said town embraced and contained more than 1,280 acres of land, or more than two square miles of land. However, it is specifically alleged that in 1937 the incorporators attempted to incorporate the town as a town or village as provided by chapter 11, Title 28, Art. 1133, Vernon's Revised Civil Statutes. It is conceded that the statutory proceedings were performed by the incorporators.

In due order the inhabitants of the town of Honey Springs on March 31, 1937, petitioned the County Judge of Dallas County to forthwith make an order for the holding of an election for the purpose of submitting to the qualified voters within the defined territory, which was specifically described by metes and bounds, whether or not said town should be incorporated as a town having more than 400 inhabitants and having the metes and bounds as set out in the petition. The petition relates that the designated territory contains more than 400 inhabitants and less than 10,000 inhabitants and that said inhabitants desired to be incorporated as a town or village under the provisions of Art. 1133, Title 28, Revised Statutes of Texas and especially chapter 11 of said Title. In due time, the

**246**

County Judge granted the · petition and ordered the election. The election was held in accordance with the order; the majority of the voters voted at the election sustaining the petition, and the result of the election was declared by the County Judge. Thus the town was duly incorporated under the name of Honey Springs.

Subsequently, the municipality performed all governmental proceedings: elected a mayor and several aldermen, appointed a town marshal, secretary-treasurer; held periodical council meetings, passed ordinances, approved and paid bills against the corporation, granted easement franchise and, in much the same way as other towns of that class, the town functioned as an incorporated municipality. In 1945 the town council passed an ordinance accepting the provisions of Title 28, chapter 1, Art. 961, relating to cities and towns. The record here presents an agreement of the parties "that in April and May of 1937, there were within the boundaries of Honey Springs, Texas, more than 200 inhabitants and less than 2000 inhabitants." Thus it will be seen that the only conflict in this controversy is that the superficial area of the town at the time of its incorporation in 1937 exceeded two square miles.

On findings of the jury "that the town of Honey Springs as the same is described in the field notes of the outside boundary lines of said town, embraces and contains more than twelve hundred eighty acres of land," the trial court entered judgment of ouster against the municipality and officers terminating its corporate franchise for all purposes.

It will be seen from the majority opinion sustaining the judgment of the trial court that it is based on the affirmative answer of the jury that the town was incorporated with a superficial area of more than two square miles and prohibited by Art. 971, R.S.1925, reading: "No city or town in this State shall be hereafter incorporated under the provisions of the general charter for cities and towns contained in this title with a superficial area of more than two square miles * * *." This prohibitive statute obviously may have successfully challenged the effectiveness of the corporate existence of Honey Springs ab initio (1937) if, in fact, the town had a superficial area of more than two square miles, but for the subsequent 1943 validating statute, chapter 381, 48th Leg., p. 688, that this validating statute has reference Art. 1134c, V.A.C.S. The majority holds only to the validation of such governmental proceedings of such towns and cities and not to the validation of boundary lines, hence the provision "constitutes no defense to the vice inherent in appellants' 1937 Act of incorporation; i.e., its prohibited inclusion of more than two square miles of territory." This brings us to the point of dissent.

"It is well settled as a rule of statutory construction in this State that it is proper to look to all parts of a legislative Act to ascertain its proper construction and meaning—that is, to ascertain the legislative intent. It is the legislative intent that is the law. In applying this rule courts will not look alone to one phrase, clause, or sentence of an Act, but to the entire Act; and this includes the caption, the body of the Act, and the emergency clause." Trawalter v. Schaefer, 142 Tex. 521, 179 S.W.2d 765, 767. So when we come to consider the body of this Act, we find that cities and towns "heretofore incorporated or *attempted* to be incorporated under the General Laws of Texas, Title 28, Revised Civil Statutes of Texas, 1925, and Senate Bill 144, passed by the Forty-seventh Legislature, Regular Session, 1941, whether under the aldermanic form of government or the commission form of government, and which have functioned as incorporated cities and towns since the date of such incorporation, are hereby *in all respects* validated as of the date of such incorporation or *attempted incorporation; and* the incorporation of such cities and towns shall not be held invalid by reason of the fact that the election may have been ordered by the Commissioners Court instead of the County Judge, nor shall such incorporation be held invalid on account of irregularities in the petition for election, order of election, notice of election, returns of election, order declaring result of election, or other incorporation proceedings." (Italics mine.) To my mind the body of the Act makes

provision (1) validating the incorporation of such cities and towns "in all respects," which includes boundaries when such cities and towns are "incorporated or *attempted to be incorporated";* and (2) validating the governmental proceedings of such municipality incorporated or which has *attempted* to be incorporated.

My conclusion of the dual or several purposes and intent of the Legislature in passing the validating statute is fortified by the caption and emergency clause of the Act. When we look to the caption we find that it states the dual and several purposes of the Act, "An Act validating the incorporation of such cities and towns * * * heretofore incorporated or attempted to be incorporated * * *; *and* validating the governmental proceedings performed by the governing bodies of such cities and towns since their incorporation or attempted incorporation, respectively; providing elections shall not be held invalid for certain reasons; * * *." Then when we look to the emergency clause the meaning of the Act and the intention of the Legislature become more pronounced. We find that it provides "that the corporate existence of a number of cities and towns *and* the validity of the indebtedness incurred and bonds issued by them are in danger creates an emergency * * *." Section 4. The above-quoted statements of the provision of the body of the Act and the provisions of the caption and emergency clauses, to my mind, express the intent of the Legislature to validate the corporate existence of cities and towns incorporated or which have attempted to be incorporated, as well as their governmental acts exercised in pursuance to their corporate existence.

Appellee concedes in pleadings that the city or town of Honey Springs, at least, attempted incorporation and the evidence is conclusive and uncontradicted that its governmental proceedings were performed and are now being performed by the governing body. So if, perchance, the field notes of the proposed town, as designated in the petition for incorporation, without an actual survey having been made, contain a superficial area, such now has been "in all respects" validated.

The other issues involved in this appeal seem to have been decided by the majority in favor of appellants' contention and not controlling in this appeal.

To the action of the majority affirming the action of the trial court ousting the municipality and its duly elected and qualified officials, and terminating the town's corporate existence, I respectfully dissent. The judgment of the court below should have been reversed and by this court rendered in favor of the appellants.