

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 18, 1952

Hon. E. W. Patteson
County Attorney
Gonzales County
Gonzales, Texas

Dear Sir:

Opinion No. V-1555

Re: Authority of the county judge to
determine the sufficiency of a
petition requesting an election
upon the issue of dissolving the
incorporation of the City of Smiley.

Your request for an opinion discloses the following facts:

On July 29, 1952, a petition signed by 74 persons
was submitted to the county judge of Gonzales County
under the provisions of Article 1242, Vernon's Civil
Statutes, requesting that an election be called for the
purpose of determining whether the incorporation of
the City of Smiley should be dissolved. The county
judge considered the petition and determined under
the provisions of Articles 1241, 1242, and 1243, V.C.S.,
that an insufficient number of the legally qualified
property tax-paying voters had signed the petition,
and, therefore, by order dated August 7, 1952, de-
nied and refused the petition. Thereafter, the propo-
nents of the petition submitted to the county judge
another list of signatures, which if considered with
the denied original petition would be a sufficient num-
ber of signatures to require the calling of the election.
The proponents requested that the additional signatures
be considered as an amendment to the denied petition
and an election called.

Based upon the above facts, you ask whether the county
judge would be authorized to consider the denied petition of July
29, 1952, in connection with the subsequently filed new petition so
as to meet the requirements of Article 1242, V.C.S., as to the re-
quired number of signatures (100) necessary to call the election.

Under the submitted facts we are of the opinion that the
question must be answered in the negative.

You state in your request that the City of Smiley has
adopted and accepted the provisions of Article 961, V.C.S. It is
therefore subject to the provisions of Article 1242, V.C.S., rather
than Article 1261, V.C.S. Richardson v. State, 199 S.W.2d 239 (Tex.
Civ. App. 1947, error ref. n.r.e.).

Article 1242, V.C.S., provides:

"When one hundred of the property tax-payers, who are qualified voters of any such city or town, desire the abolishment of such corporation, they may petition the county judge to that effect, who shall thereupon order an election to be held in such city or town, as in the case of its incorporation. If a majority of the property taxpayers, who are qualified voters, of any such city or town is less than one hundred in number, then the county judge shall order an election as above provided upon the presentation to him of a petition signed by a majority of the tax payers of such city or town, who are qualified voters thereof."

Clearly the county judge had the authority before accepting the petition of July 29, 1952, to determine its sufficiency with regard to latent defects such as the requisite voting qualifications of the signers. West End Rural High School Dist. v. Columbus Consolidated Ind. School Dist., 148 Tex. 153, 221 S.W.2d 777 (1949). In performing such function the judge was acting in an administrative capacity. Att'y Gen. Op. O-2577 (1940). In such cases it is the duty of the county judge to ascertain whether the required number of voters joined in the petition and whether they were qualified, but in making this decision the county judge is allowed to exercise his own discretion, provided his decision is based upon reason and fairness. In Boynton v. Brown, 164 S.W. 893 (Tex. Civ. App. 1914, error ref.), the Court said:

"... Under the operation of this rule, whenever the law directs an officer or officers to order an election when a certain number of qualified voters have joined in a petition for same, it is made the duty of the officers to ascertain whether the requisite number of voters have joined in the petition, and whether they are qualified, and mandamus will not lie to control them in the exercise of that duty; but the officers upon whom is devolved the duty of calling the election will be allowed to exercise their own judgment. Their action must be based upon reason and fairness, however; ..." (Emphasis added.)

From the above we think it follows that the county judge once having denied the petition of July 29, 1952, for lack of sufficient signatures, and having entered an order to that effect, is not now authorized to consider the original petition along with a second petition, which standing alone is likewise insufficient, in order to find the required number of voters specified in the statute (Art. 1242). To do so would or could result in unfairness and therefore be an abuse of discretion. This is so for the reason that a party may

withdraw his name from a petition requesting an election at any time before action is taken thereon (South Taylor County Independent School District v. Winters Independent School District, 249 S.W.2d 1010 [Tex. Sup. Ct. 1952]); and since the judge having once denied the petition of July 29, 1952, a signer of such petition might and probably would be led to believe that there was no necessity for requesting the withdrawal of his name even though he did not as of the time the second petition was filed any longer desire to join in a petition for an election. Under such circumstances we are of the opinion that the second petition should be complete within itself and it would be an abuse of discretion for the county judge to consider a petition, once denied and refused, along with a second petition, insufficient within itself, in order to arrive at the number of qualified tax-paying voters required for the calling of an election under the provisions of Article 1242, V.C.S.

## SUMMARY

Where a county judge has once considered a petition for an election and refused the same, it would be an abuse of his discretion to thereafter consider such denied petition in conjunction with a later petition, which standing alone is insufficient, in order to arrive at the number of qualified tax-paying voters required for the calling of an election under the provisions of Article 1242, V.C.S.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

C. K. Richards
Trial & Appellate Division

By *Charles D. Mathews*
Charles D. Mathews
First Assistant

E. Jacobsen
Reviewing Assistant

CDM:b