**Cleaves McDANNALD, Appellant,**

v.

**LEAGUE CITY, Appellee.**

**No. 1193.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Oct. 8, 1975.

Rehearing Denied Oct. 30, 1975.

George R. Pain, Farris, Pain & Horne, Houston, Will Wilson, Austin, Anthony J. P. Farris, Houston, for appellant.

I. A. Lerner, LaMarque, George J. Prappas, Houston, for appellee.

TUNKS, Chief Justice.

This is an appeal from a judgment ordering appellant, Cleaves McDannald, to pay delinquent ad valorem taxes to appellee, City of League City. Appellee brought suit in the 56th District Court of Galveston County, and appellant counter-claimed that the assessment and collection of the taxes were illegal because appellee's incorporation and subsequent adoption of its home rule charter were accomplished by means of fraud, rendering the city's incorporation and all subsequent municipal acts void.

The appellee filed a plea in bar as to appellant's counterclaim alleging that appellant's counterclaim presented a collateral attack on the validity of a municipal incorporation, which attack may be maintained only by the state in a quo warranto proceeding, and also that League City's incorporation, boundaries, and subsequent annexations of territory have been validated by act of the Legislature.

Appellant stipulated that he did not contest the computation of the taxes, and that his counter-claim was his only defense. Therefore, having sustained appellee's plea in bar, the trial court entered judgment against appellant in the amount of $14,271.36 taxes, penalty and interest.

The City of League City was incorporated pursuant to Tex.Rev.Civ.Stat.Ann. art. 966 (1925), which authorizes the incorporation of municipalities containing six hundred or more inhabitants. According to the procedure provided in Tex.Rev.Civ.Stat.Ann. arts. 1134 and 1136, an application for incorporation was filed with the County Judge of Galveston County on November 10, 1961, and the county judge ordered an election to be held on December 9, 1961. Both the petition and the election order specified the town's population as being between 5,000 and 10,000 inhabitants and the area to be incorporated as 8.9 square miles. This original incorporation of 8.9 square miles of area was purportedly authorized by Article 971, Tex.Rev.Civ.Stat.Ann., which limits to 9 square miles the total area which may be included by the original incorporation of a city of 5,000 to 10,000 inhabitants. On March 27, 1962 League City adopted a home rule charter and thereafter annexed additional territory by municipal ordinances on April 19, 1962 and February 10, 1966. Part of appellant's property was included within the city by virtue of the original incorporation, and the remainder was annexed through the 1962 annexation ordinance.

The adoption of a rule which would permit any individual against whom taxes were assessed or a fine imposed to challenge the validity of the corporate existence of a home rule city by a simple allegation of fraud would create a chaotic condition. Such a rule would permit an individual to take action which would place in question the validity of municipal bonds that have already been issued and would make it virtually impossible for cities to finance their programs in the future.

The judgment of the trial court is affirmed.