

# THE ATTORNEY GENERAL
# OF TEXAS

July 15, 1987

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable George Pierce
Chairman
Urban Affairs Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No. JM-750

Re: Validity of incorporation
of the city of Montgomery

Honorable Stan Schlueter
Chairman
Ways and Means Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Gentlemen:

You have submitted a request for our opinion concerning the validity of the incorporation of the city of Montgomery, Texas, and the authority of the city to assess and collect taxes on property that is alleged to be beyond the boundaries of the city. The issues you have submitted involve complex questions of fact which cannot be resolved in an Attorney General's Opinion. We can, however, discuss those rules and principles which guide the courts in resolving such disputes. We shall begin by reviewing the information supplied to this office in connection with this request.

The town of Montgomery, Texas, was established by a special act of the legislature in 1848. Acts 1848, 2d Leg., ch. 191, at 355. An attempt to incorporate it was made in 1967. The petition filed pursuant to the incorporation of the town of Montgomery described its boundaries as being

> [i]n the form of a square with its center the town
> square of the Town of Montgomery, Texas as now
> established and extending in all four directions
> from the center of such town square a distance of
> one mile.

In 1972, two years after the town was designated a general law city pursuant to article 1153a, V.T.C.S., the city council passed an ordinance describing the boundaries of the city of Montgomery in

identical terms, including therewith territory annexed to the town in 1970.

In 1973, the city elected to exercise its taxing authority. It appears, though, that only about one square mile of the city's territory was appraised for tax purposes. This area, we are told, extended one-half mile in four directions from the center of the town square and constituted the original 640 acre tract of land designated in 1848 as the town of Montgomery. In 1985, the city sought to include the remaining territory on the tax rolls and assess and collect taxes thereon for those years the territory was omitted from the tax rolls.

A brief submitted on behalf of persons residing within this area challenges the city's authority to assess and collect taxes on their property. These residents allege a number of defects in the incorporation of the town of Montgomery in 1967 which preclude it from exercising taxing authority over their property. They argue that the boundaries described in the 1967 petition for an election on the question of incorporation embraced an excessive amount of territory in violation of articles 971 and 1134, V.T.C.S. Article 971 was violated, they claim, because the town did not have the number of inhabitants required for a town encompassing an area of four square miles. They contend article 1134 was violated because the territory outside the original square mile area forming the town of Montgomery was included solely for tax purposes and not for town purposes, as article 1134 requires. Finally, it is alleged that the residents of this area were not allowed to vote in the 1967 incorporation election.

The residents seek to avoid liability for property taxes assessed by the city. We note, however, that a mere allegation by a taxpayer that a city's incorporation was accompanied by fraud is not a defense to the assessment and collection of ad valorem taxes owed by the taxpayer to the city. McDannald v. League City, 528 S.W.2d 880 (Tex. Civ. App. - Houston [14th Dist.] 1975, writ ref'd n.r.e.). Moreover, they urge that the boundaries of Montgomery should be "rolled back" to those designated in 1848. Apparently, they believe the town of Montgomery received its charter pursuant to a local or special law prior to the adoption of article III, section 56, of the Texas Constitution, and that such charter was never repealed by the legislature. See State ex rel. Richardson v. Larkin, 90 S.W. 912 (Tex. Civ. App. 1905, writ ref'd) (an attempt to incorporate a city under the general laws is void while the special act incorporating it is in force). We have been supplied no authority for either of these propositions. Thus, we will assume that the 1967 attempt to incorporate the town of Montgomery was not prohibited by reason of an unrepealed special charter.

Article 971, V.T.C.S., prescribes territorial limits for cities and towns seeking to incorporate under Title 28 of the civil statutes:

> No city or town in this State shall be here-after incorporated under the provisions of the general charter for cities and towns contained in this title with a superficial area of more than two square miles, when such town or city has less than two thousand inhabitants, nor more than four square miles when such city or town has more than two thousand and less than five thousand inhabitants, nor more than nine square miles, when such city or town has more than five and less than ten thousand inhabitants. The mayor and board of aldermen, immediately after they qualify as such officers, shall pass an ordinance causing an actual survey of the boundaries of such town to be made according to the boundaries designated in the petition for incorporation and the field notes thereof recorded in the minute book of such town or city, and also in the record books of deeds in the county in which such city or town is situated.

This provision is applicable to all cities, towns, and villages attempting to incorporate under Title 28 regardless of the chapter under which incorporation is attempted. Mallow v. State ex rel. City of Denton, 374 S.W.2d 732, 736 (Tex. Civ. App. - Fort Worth 1964, writ ref'd n.r.e.); Richardson v. State, 199 S.W.2d 239, 244 (Tex. Civ. App. - Dallas 1946, writ ref'd n.r.e.). The residents challenging the city's recent efforts to tax their property contend that the population of the town of Montgomery in 1967 stood at approximately 400 persons, far short of the limits imposed by article 971.

Article 1133, V.T.C.S., authorizes a town or village of more than 200 and less than 10,000 inhabitants to incorporate as a town or village under chapter 11 of Title 28. The procedures for incorporation provided in chapter 11 contemplate the existence of an actual town or village and are not intended to create a town or village where none in fact exists. See Rogers v. Raines, 512 S.W.2d 725, 730 (Tex. Civ. App. - Tyler 1974, writ ref'd n.r.e.).

Article 1134, V.T.C.S., sets forth the procedure whereby the inhabitants of a town may petition for an election on the issue of incorporation. The petition must include the signatures of at least 20 qualified voters, a description of the proposed boundaries of the town, the proposed name of the town, and a plat of the proposed town "including therein no territory except that which is intended to be used for strictly town purposes."

When a community seeks to incorporate pursuant to the general laws, the petition for incorporation must describe an area sufficient to include the minimum number of inhabitants required by statute. The area described in the petition should be susceptible of receiving some municipal services. Harang v. State ex rel. City of West Columbia, 466 S.W.2d 8, 11 (Tex. Civ. App. - Houston [14th Dist.] 1971, no writ). An area which, because of its geographical or population characteristics and development, is not capable of receiving municipal services on any reasonable basis does not constitute a "city" or "town" authorized to be incorporated. State ex rel. Needham v. Wilbanks, 595 S.W.2d 849 (Tex. 1980).

The laws authorizing the creation of municipal corporations also incorporate the common-law prohibition against a town or village including within its boundaries land which is not intended to be used for town purposes, but is included only for tax purposes. Gray County Production Co. v. Christian, 231 S.W.2d 901 (Tex. Civ. App. - Amarillo 1950, no writ). The residents of the disputed territory claim the city has failed to provide any municipal services beyond the original square mile nucleus of Montgomery. This, they contend, clearly establishes that their property was included in the city's corporate area solely for tax purposes and was not intended to be used for town purposes. However, they concede that prior to 1985 no taxes were levied on their property. Whether the town's boundaries included more land than was intended to be used for town purposes is a question of fact for a jury to decide and is tried as any other fact issue. Ellis v. State, 383 S.W.2d 635, 637 (Tex. Civ. App. - Dallas 1964, no writ).

The courts have identified three defects in the incorporation process which will render the incorporation of a town absolutely void. They are: (1) that the act of incorporation was either prohibited or unauthorized by law; (2) that the incorporation was attempted pursuant to an unconstitutional statute; or (3) that the attempt to comply with the laws authorizing the creation of the municipality was so utterly lacking or defective as to render the attempted incorporation void. Durham v. Crutchfield, 578 S.W.2d 438, 441 (Tex. Civ. App. - Texarkana 1979, writ ref'd n.r.e.). The lack of the requisite number of inhabitants to hold an incorporation election renders the incorporation of a community under such circumstances void as a matter of law, since there is no authority for groups smaller than those prescribed by statute to incorporate. E.g., Ellis v. State, supra. Similarly, it has been held that the incorporation of a city or town in violation of the area and population limits of article 971 is void and illegal. Richardson v. State, 199 S.W.2d at 241. Other defects in the incorporation process, such as including land within the town's boundaries which is unsuitable or not intended to be used for town purposes, render the incorporation merely voidable. City of Gladewater v. Pelphrey, 309 S.W.2d 472, 474 (Tex. Civ. App. - Texarkana 1957, writ ref'd n.r.e.).

The legislature, however, has enacted a series of statutes which validate the incorporation of cities and towns that, for one reason or another, do not conform to the statute authorizing incorporation. See, e.g., V.T.C.S. arts. 974d-974d-35; 1134d; 1139a. Validating statutes may cure defects in the incorporation proceedings of cities and towns which would otherwise be void from their inception because of either an absence or an unwarranted exercise of power. Perkins v. State, 367 S.W.2d 140, 145 (Tex. 1964). For example, where the act of incorporation was flawed because of an erroneous boundary description but was done under color of statutory authority, the legislature may ratify the incorporation with no lapse in the city's status during the period it was defectively incorporated. See, e.g., Universal City v. City of Selma, 514 S.W.2d 64 (Tex. Civ. App. - Waco 1974, writ ref'd n.r.e.). These statutes will not, however, validate boundary lines unless they expressly provide so. Richardson v. State, 199 S.W.2d at 244. They have no bearing on what constitutes a city or town. Rogers v. Raines, 512 S.W.2d 725 (Tex. Civ. App. - Tyler 1974, writ ref'd n.r.e.). Thus, a validating statute will not cure an attempt to incorporate a community where the facts reveal that it does not constitute a city or town. State ex rel. Needham v. Wilbanks, supra.

In 1971, the legislature enacted article 974d-15, V.T.C.S., which purported to validate the incorporation and boundaries of cities and towns having a population of not less than 215 nor more than 217 according to the 1970 federal census. The population of the town of Montgomery in 1970 was 216. U.S. Bureau of the Census, Census of Population: 1970, vol. 1, Characteristics of the Population, Part 45, Texas - section 1. The legislature evidently enacted article 974d-15 to ratify the incorporation and boundaries of Montgomery. However, by confining the act's population classification to the 1970 federal census, the legislature permanently closed the class of municipalities which could come within the classification at any time in the future. This renders the act a local or special law, prohibited by article III, section 56, of the Texas Constitution. See Morris v. City of San Antonio, 572 S.W.2d 831 (Tex. Civ. App. - Austin 1978, no writ); Attorney General Opinion MW-183 (1980). It does not, therefore, validate the original incorporation and boundaries of the town of Montgomery. We do not determine whether any other validating statute accomplishes this result.

Several residents of the territory in question, however, allege that they were not allowed to vote in the 1967 incorporation election. In the absence of a showing of fraud or unfairness, an election on the question of the creation of a municipal corporation will be upheld where, despite irregularities, the result was not affected thereby. Nueces County Water Control and Improvement District No. 4 v. State ex rel. Wilson, 270 S.W.2d 672 (Tex. Civ. App. - San Antonio 1954, writ ref'd n.r.e.). Irregularities which prevent the voters from freely and fairly exercising their right to suffrage are not treated as mere

informalities. See Branaum v. Patrick, 643 S.W.2d 745, 750 (Tex. App. - San Antonio 1982, no writ). Because the legislature has the power to ratify in a validating statute only what it has the power to authorize, Perkins v. State, supra, article 974d-15 would not cure the denial of a person's right to vote. See generally Leach v. City of North Richland Hills, 627 S.W.2d 854 (Tex. App. - Fort Worth 1982, no writ) (validating statutes cannot cure constitutional defects). Beyond the affirmations of these residents, we have been provided no other information concerning the circumstances under which the denial of their right to vote allegedly occurred. Whether any person qualified to vote in the 1967 election was unlawfully denied this right cannot be determined in this opinion.

## S U M M A R Y

Determining the validity of the 1967 incorporation of Montgomery, Texas, involves questions of fact which cannot be resolved in an Attorney General's Opinion. Article 974d-15, V.T.C.S., which purported to validate the incorporation and boundaries of the city of Montgomery, is invalid under article III, section 56, of the Texas Constitution as a local or special law. A validating statute will not cure a defect in the incorporation of a city or town resulting from the denial of a person's right to vote.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General